Kent, Ch. J.
delivered the' opinion of the court. In the case Jackson v. Bartlett, (8 Johns. Rep. 361.) the court declared that the attorney on record for the plaintiff could not, by virtue of Ms general character, as attorney, discharge a defendant from custody on execution, without satisfaction. There is no case to be found in which it has been adjudged that he had that power; though in Payne v. Chute, (1 Roll. Rep. 365.) the clerks said that it was the usual course for the attorneys of plaintiffs to acknow *223 letige ~atisfadflon although they receive nothing. What ~as meant by that expression does not distinctly appear, but it is ini~ possible it could have meant that it was the usual course to dis~ charge judgments without satisfaction rendered to the client, or without his consent. The question here is, whether the attorney can malee a valid discharge of the defendant on execution, without the consent of the plaintiff, and without any satisfaction received either by the plaintiff or the attorney. In all the modern cases in which the question arose as to the right of taking a defendant a second time in execution, after he had been once taken and discharged on terms, the discharge is uniformly stated to have been, by the plaintiff, or by his consent (Vigers v. Aldrick, 4 Burr. 2482. Thompson v. Bristow, Barnes, 205. Jaques v. Withy, 1 Term Rep. 557. Bassel v. Salter, 2 Mod. 136. Clarke v. Clement and English, 6 Term Rep. 525. Tanner v. Hague, 7 Term Rep. 420.) If it had been understood to be the law that the attorney, on his mere motion and pleasure, and without any special authority, or satisfaction, had power to do this, the books would not have been without some precedent to this effect. The sheriff may sometimes be misled from the habit of taking his directions from the attorney; but when the rule is once well understood, there can be but little danger of injury from this source; while, on the other hand, the power assumed in this case would be enormous, and dangerous to the rights of clients. In the progress, and until the consummation of the judgment, the attorney has, no doubt, and ought to have, a large and liberal discretion; but he cannot enter a retraxit, for that is a perpetual bar, and equivalent to a release. This was the resolution of the court in Beecher’s Case, (8 Co. 58.) “because,” said the court, “it shall be a perpetual bar, and, in a manner, a release, and the admittance of the court cannot prejudice the plaintiff in so high a degree. But in all dilatory matters, the admission of the court may turn the plaintiff, or demandant to delay, but shall never bar the plaintiff, or demandant.” The strongest instances of the power of the attorney is the allowing him to confess the action without the will and consent of his client, and this shall bind, as was said by Montague, Ch. J. and Haughton, J. in Gray v. Gray. (2 Roll. Rep. 62.) The entry of a remittitur of part of the damages by the attorney before judgment has been held valid, in Lamb v. Williams; (1 Salk. 89. 6 Mod. 82.) but it did not appear that the ad was without or against the consent of the client. It was *224 the opposite party that made the objection, on a writ of error. And Rolle (1 Roll. Abr. 291. m. pl. 2.) cites a case in 4 Edm. III. in which it was adjudged that after judgment the attorney for Ihe plaintiff could not release the damages, for that his power, after judgment, was determined. His power after judgment extends only to the issuing of execution, and receiving the debt. He cannot acknowledge satisfaction on record without a new warrant for the purpose. The statute (sess. 34. c. 196.) says it must be done by the party, or his attorney, “ thereunto lawfully authorized.” Cage’s Case, in Styles, 129. arose on the very point before us. The plaintiff’s attorney, by fraud, without the consent of his client, acknowledged satisfaction upon the judgment, after the defendant was charged in execution, and then the defendant’s attorney, without the consent of his client, acknowledged another judgment for the same debt. The court committed both the attorneys for their false practice, and said there Avas fraud against fraud, and that the parlies were left to their remedies one against the other, and that the court would examine the matter again on another day, but there is no further note of the case. As far as the case goes, it shows, at least, that the plaintiff Avas not thereby considered as losing his demand.
The court, therefore, see no reason to doubt of the opinion delivered on this point in Jackson v. Bartlett. It did not appear in that case, and does not in this, that the attorney ordered a discharge of the defendant from the custody of the sheriff under any pretext of satisfaction, or of any consent from his client. There was here not even any imposition upon the officer. The officer must have knoAvn, as AAreIl as the attorney, that there was no satisfaction, or plaintiff’s consent, and it would be alarming to creditors if such a violation of duty between the attorney and the sheriff was permitted to destroy the plaintiff’s right under his judgment.
The motion, on the part of the defendant, to set aside the verdict is therefore denied.
.Motion denied.