UTICA,
Aug. 1825

Mumford
v.
Armstrong.

---

MUMFORD *against* ARMSTRONG.

JUDGMENT of nonsuit having been obtained against the plaintiff, the defendant's attorney issued a *ca. sa.* for the costs, to the sheriff of Oneida, who arrested the plaintiff, received his draft on E. B. for the money, which he was directed by an endorsement on the *ca. sa.* to receive, and discharged the plaintiff: whereupon the defendant's attorney issued another *ca. sa.* upon which the plaintiff was again arrested.

A motion being made to set this last execution aside, the following authorities were cited: *Bank of Orange* v. *Wakeman*, (1 Cowen's Rep. 46, 47, and note (*a*) at the end of that case;) Vin. Abr. *Execution*, (X. a.) pl. 10; 1 Sel. Pr. 536; 2 Dunl. Pr. 832–3.

*J. Bradish*, for the motion.

*L. F. Stevens*, contra.

*Curia.* In the *Bank of Orange* v. *Wakeman*, (1 Cowen's Rep. 46,) we held that the sheriff's taking a promissory note for the money upon a *fi. fa.* in his hands would not operate as payment, even though he returned the exe-

One who escapes from a *ca. sa.* though with the consent of the sheriff, may be again arrested on a second *ca. sa.*

The sheriff can receive nothing in satisfaction of a *ca. sa.* but money, or its equivalent.

If he discharge the party arrested, on receiving his draft upon a third person, this is a voluntary escape.

UTICA,
Aug. 1825.

cution satisfied.  The draft, in this instance, not being a payment, the act of permitting the defendant to go at large was a voluntary escape, and the plaintiff clearly had a right to issue another *ca. sa.* and proceed to the second arrest.(*a*)  The sheriff could receive nothing in payment but money, or its equivalent.

Motion denied.

(*a*) See 1 R. L. 426, s. 24.   8 John. Rep. 361.