Mr. Justice Walker delivered the opinion of the Court. The plaintiff obtained judgment against the defendants, upon which execution issued and was placed in the sheriff’s hands for collection, with this endorsement thereon, “The plaintiff has instructed us to demand good money: Trapnall & Cocke, Atts. upon -which execution the sheriff made the following return, “Satisfied by John Ringgold and Thos. S. Palmer: H. A. Engles, Sh’ff,” “ Paid in Arks, paper: H. A. Engles, Sh’ff.” The judgment on which this execution issued was in force until after the return of execution, but was subsequently reversed by the decision of this Court. Upon the second trial of the case in the Circuit Court, defendant Ringgold pleaded payment, and offered the sheriff’s return as evidence thereof. The plaintiff objected to the return as being incompetent, but the-Court overruled the objection, and permitted it to be read as evidence, and thereupon the Court, to whose decision the case had been submitted by consent of parties, decided the evidence sufficient to prove payment and rendered judgment for the defendants. If the sheriff was authorized to receive the bank paper in satifaction of the execution, its receipt by the sheriff amounted to a satisfaction of the debt, and the return was compotent evidence of payment; otherwise, it was inadmissible. To determine this, we must enquire into the nature and extent of the sheriff’s power and duty in such cases. It is evident that he derives his entire authority as collector under the law as the ministerial officer of the Court. The execution is his legal warrant of attorney, without which he is totally unauthorized to act. It limits and prescribes his duties, and confers a special, not a general, authority to collect. (Gasquet, Parish & Co. vs. Warren et al., 2 Smedes & Mar. 517.) So far as the question before us is concerned, the general rules in regard to special agents apply in this case. Had Randolph, the plaintiff, executed to the sheriff a power of attorney to collect this debt, and therein directed him to “ demand good money,” and he had disregarded his instructions, and received depreciated Arkansas paper, no one would contend that the plaintiff was bound to receive it. And we apprehend that the principle difference between the case we have stated and the one before us is, that, in that case, the agency was created by the act of the party; in this, by virtue of his office under the law. His powers and duties are as clearly defined, and he is as much bound to observe them in the one case as in the other. The case of Gasquet, Parish & Co. vs. Warren et al., above referred to, is decidedly in point, and Chief Justice Sharkey’s opinion in the case is a lucid expose of the position we have assumed. He says: “ By the execution, the sheriff was commanded to levy the money. His duty was plain and his power limited. The command being to levy the money, the sheriff had no authority to depart from it, and, being commanded to raise the money, he could not legally receive from the defendant by voluntary payment any thing but money. By receiving any thing else, the officer departs from his authority and from his duty, and his act, therefore, is not binding on the plaintiff. Before the judgment, the plaintiff was not bound to receive any thing in discharge of his debt but gold and silver. Would it not be singular that after judgment, after the obligation had been raised in dignity, the defendant should be allowed to discharge it by.depreciated paper money? That this payment was received by the sheriff, makes no difference: in receiving it, he went beyond the scope of his power, and the plaintiff is not bound by his acts.” The same Court held that the return of a sheriff that he had received Mississippi bank paper, was no satisfaction of the judgment. (Tutt’s ad. vs. Fulghan et al., 5 How. 624.) And so in the case of The Planters Bank vs. Scott et al., 5 How. 246, and Wood vs. Robinson, 3 Smedes & Mar. 271. In Kentucky, it has been decided that where a sheriff receives bank paper in satisfaction of an execution, the plaintiff is not bound to receive it, and may upon motion set aside the return, and sue out an alias- execution; and this, even though the attorney for the plaintiff had received the bank paper from the sheriff. The Court, in delivering its opinion, said that the attorney had no power to receive the paper from the sheriff, and that his act in so doing was not binding on the plaintiff. Wickliff vs. Davis, 2 J. J. Marsh. 71. In New York, in a case where a coroner gave the defendant a receipt in full satisfaction of the debt and costs, (he being indebted to the defendant to that amount,) it was held to be no payment: that, to be a payment, it must be an absolute payment in 'cash. (Codwise vs. Field, 9 John. Rep. 261.) Where a sheriff took a note from the defendant for the debt and receipted the execution as fully paid, it was held to be no payment. (Bank of Orange vs. Workman, 1 Cow. 46.) So, where the defendant was arrested on ca. sa., who gave a draft for the debt and was released, he was subsequently arrested as for an escape, and the draft was decided to be no payment. Munford vs. Armstrong, 4 Cow. 553. Armstrong vs. Garrow, 6 Cow. 461. The same principle has been extended to attorneys, who collect upon their general authority as such, who must, from the nature of their duties, be allowed far more discretion than sheriffs, whose duties are defined and prescribed by law. We allude to this class of agents merely to show the uniform strictness with which courts have held agents to be limited to the exercise of special delegated powers confided to them. In the case of Wickliff vs. Davis, (2 J. J. Marsh. 71,) the sheriff had collected depreciated Kentucky bank paper, and paid it over to Wickliff, the attorney: it was held by the Court that the debt remained unpaid, and that the plaintiff in execution might elect to set aside the sheriff’s return, and sue out an alias execution, or sue Wickliff for the value of the debt collected. The case of Johnson vs. Cunningham, (1 Ala. R. 258,) and Kellogg & Co. vs. Norris, decided by this Court, (July term, 1849,) decide that an attorney, under his general retainer as such, has no power to'receive, nor to give, directions for the receipt of any thing but legal current money, upon executions for their clients. And the cases of Kingston vs. Kingcaird, (1 Wash. Cir. C. R. 453,) January vs. Lindsey, (1 How. R. 557,) Keller, use, &c. vs. Scott et al., (2 Smedes & Mar. 83,) and Kellog vs. Gilbert, (10 John. Rep. 220,) decide that an attorney has no power to liquidate the debt which he owes the defendant by crediting the amount on his client’s debt; and that such credit or a receipt given the defendant for the same, is no payment of the debt due by the defendant to the client. In the case referred to in 10 John., Chief Justice Kent said there was no case to be found where it had been adj udged that an attorney had, by virtue of his general authority as-such, power to discharge a defendant from custody on execution without satisfaction. We have remarked that reference has been made to this class ■of cases merely as affirming a principle, and desire to be understood as expressing no opinion with regard to the extent or applicability of the rule which should be adopted in this case when applied to attorneys or other agents. We are conscious of having consumed more time in referring to adjudicated cases than is ordinarily sufficient to determine a question. Our attention has been turned to the case of Ringgold et al. vs. Edwards, reported in 2 Eng. 90, which is irreconcilable with the conclusions to which we have arrived in this investigation/' The authorities, to which we have access at present, were, most of them, not then before the Court. That decision seems to have been predicated upon the fact, that, inasmuch as the plaintiff had a clear right to enforce the payment from the sheriff for a breach of his official duty in failing to collect the debt in obedience to the com- • mand of his writ, the plaintiff must affirm his wrongful act, and resort to that remedy for redress. • But it by no means follows that, because the plaintiff has such remedy, he must abandon a judgment already obtained, and perhaps against a solvent and responsible debtor, and commence suit against the sheriff for a breach of official duty. There can be no doubt but that in such cases the plaintiff in execntion may make his election, and when he elects to pursue the debtor upon his original debt, as in this case, the voluntary payment of depreciated bank paper to the sheriff without the consent of the. plaintiff, is not a valid payment of plaintiff’s debt, and that the return of the sheriff, that he has received such bank paper, is illegal and incompetent evidence to prove such payment. Had the sheriff, in obedience to the command of his writ, levied on the defendant’s property and sold it, and made his return that the execution was satisfied in bank paper received of the purchaser, a very different question might have arisen. As the question is not properly before us, it is unnecessary to anticipate it by an investigation at present. Let the judgment of the Circuit Court be reversed, and the cause remanded.