## DOUGHERTY *et. al. v.* HUGHES.

A·bank certificate of deposit, is not money or its equivalent, and not available to redeem land sold on execution.   Greene, J. *contra.*

In redeeming land a *penalty* of ten per cent. required on gross amount, and not an *annual interest* of ten per cent.

IN EQUITY.   *Appeal from Lee District Court.*

*Opinion by* KINNEY, J.   Bill filed by Dougherty, setting forth among other things, that Hungerford and Livingston at the October term of Lee district court, 1841, recovered judgment against John Hillis for $573,94; that execution was issued and Rapids Hotel levied upon and sold for $622,89, 9th December, 1842, to said H. & L.; sheriff gave to pur-.chaser a certificate of sale, subject to redemption by Hillis ·and his creditors.   That at October term, 1842, a judgment on a mechanics lien was obtained on said property for .$237,39; said execution issued, and property sold 4th March, 1843, to S. W. Powers for $263,18, and sheriff gave Powers a certificate, subject to redemption, &c.   Complain-ant at April term, 1843, obtained judgment for $710 against said Hillis ; that to secure said judgment, Hillis having no other property but the Rapids Hotel, complainant took an assignment of Power's certificate by purchase on 5th March, 1844, for consideration of $290,50.   Said Hillis not redeem-iing from Hungerford and Livingston's sale within twelve months, complainant as judgment creditor of said Hillis for the sum of $710, did, on the 7th March, 1844, pay to Stotts sheriff, for the use of said H. & ,L., the sum of $696,18, being the amount required to redeem same, and sheriff gave to complainant a certificate of redemption.   This is all that is necessary to state in relation to the pleadings, to a proper understanding of the point in this case.   This redemption so called by the complainant, was by a bank

certificate of deposit. Could the property be so redeemed. We think not. It was not money, nor its equivalent.

Dougherty as judgment creditor of Hillis, had a right to redeem the property from the judgment of H. & L., and the amount of the certificate of deposit was sufficient for such redemption, as the ten per cent. required to be paid by the statute, is as a penalty upon the gross amount, and not annual interest as was contended at bar. The only difficulty is, he did not redeem in money, or its equivalent. Money is current coin of the United States. The equivalent to money must be that which answers all the purposes of money. Certificate of bank deposit will not circulate as money. It has not the same exchangeable value. It is not a part of the circulating medium of the country. The mere fact that the sheriff received the certificate of deposit will not bind the defendants. If he received any thing but money, or its equivalent, and therefore gave a certificate of redemption, he was acting without authority of law, and the defendants cannot be injured, or their right to the property effected. If the sheriff had received bank notes, constituting to a great extent the circulating medium of the country, the case would have been different. But this certificate of deposit may, or may not be paid. It may answer the purpose of money, or it may not. It might suit some persons, and others might utterly refuse to take it. As a circulating medium, or as a tender for the payment of debts, it is not money or its equivalent.

*Mumfort* v. *Armstrong*, 4 Cow. 553; *Dickinson* v. *Gilliland*, 1 ib. 481. This is a well considered case in principle and analagous to this case.

It was urged in the argument—being a case of redemption of land from sale—that the sheriff might have received a part, and given credit for the residue, or indeed that it was in his discretion to have dispensed with the payment of the money altogether, trusted the creditor, and assumed the debt himself.

But the court say, that there is nothing clearer than that a special agent must conform to the authority with which he is clothed. If he does not, his acts are void. The power of the sheriff here is in very close analogy to that of receiving money of a defendant, who is arrested upon a *ca sa.* The sheriff or the plaintiff's attorney, may receive the money, and discharge the defendant. Yet the actual receipt of the money, is a condition of the discharge, with which they cannot dispense; *Kellogg* v. *Gilbert*, 10 John. 220 ; *Cadwix* v. *Field*, 9 ib. 221. If the certificate of deposite had been accepted by the person to whom the redemption money belonged, they could not afterwards object, but it was not so accepted. The true rule by which to test the matter is this. Could the sheriff have compelled the defendants to have accepted the certificate of deposite? If not, then there was no redemption. But it may be said that he could not compel them to take bank paper.

The analogy is not good, for the reason that this is the circulating medium, and by common consent, takes the place of money ; and when upon solvent specie paying banks, is convertible into money ; and in the language of the books is equivalent to money.

The majority of the court are of the opinion that the court were right in deciding that there was no redemption, and in dismissing complainants bill as to Hughes, Chittenden and McGavic, and ordering Stotts to refund.

Judgment affirmed.

*Dissenting Opinion by* Greene, J. It is conceded by my brother judges that land sold on execution may be redeemed by money or its eqivalent, but they decide that a bank certificate of deposit, is neither the one nor the other ; still they admit that bank bills would be an equivalent. I am not able to discriminate this paramount value of a bank bill over a *bank* certificate. The former often issues on less than one-third of its face in money ; the latter is issued only on a

Dougherty *v.* Hughes.

deposit of the full amount named and acknowledges a deposit of the full amount in money, subject to the indorsee or holder, on demand. Wherein is the disparity? Neither the bill nor the certificate would make a legal tender. The sheriff was not required to take either. But surely he might with as much propriety take the one as the other. As the sheriff accepted the certificate, he virtually received the amount in money; as so much money in bank, deposited to his credit and subject to his order. It was not only equivalent to, but it was in fact, so much money; because he took the deposit and made the depositary his own by accepting the certificate. The opinion admits that if the parties entitled to the redemption money had accepted the certificate, it would have been valid. Surely then the acceptance of the sheriff the party legally authorized to receive the money, and the legally constituted agent of the party entitled to the money, made it good. *Qui facit per alium facit per se.*

The sheriff and his sureties were legally responsible to that party for the money.

The sheriff having received the certificate as so much money and having executed a certificate of redemption, it should be regarded as conclusive and valid.

It is not pretended that the bank certificate was dishonored, or spurious, or fraudulent; and to my mind the record discloses no reason for disturbing the certificate of redemption; nor do I consider the authorities cited in the opinion applicable to the case.

*H. T. Reid,* for appellant.

*Geo. C. Dixon,* for appellee.