## JOHN GINOCHIO v. ANTONIO FIGARI.

Where an execution is issued against the person in the Marine Court, and the defendant is discharged by that court; upon the filing of a transcript in the county clerk's office, the plaintiff may issue a new execution against the person out of this court.

Whether the Marine Court can in any case issue execution against the body? *Quere.*

After a transcript has been filed, the rules as to issuing execution are those which apply in this court, and not those applicable in the Marine or Justices' Courts.

According to the proper construction of § 288 of the Code, a defendant may be taken under execution against his person, whenever the cause for which the action is brought, and for which a recovery is had, is such that he might have been arrested therefor pursuant to the provisions of § 179 of the Code, and in such case the right to an execution against the person results from the mere fact of the recovery of the judgment.

Whether, in any of the cases under § 179, a previous order is necessary to authorize the issuing of an execution against the person? *Quere.*

THIS was an appeal from an order made at a special term, denying a motion to set aside an execution issued against the person of the defendant, and to discharge him from imprisonment thereunder.

The action was commenced by a warrant issued out of the Marine Court. The complaint charged the defendant with having contracted an indebtedness to the plaintiff in a fiduciary capacity, and alleged, that, the defendant being the master of a ship trading between New York and some port in Italy, the plaintiff entrusted to him a sum of money to be paid to a person in Genoa; that the defendant violated the trust, retained the money, and neglected to either make the promised payment or return the money to the plaintiff.

The cause was defended and tried. The trial resulted in a judgment for the plaintiff, who issued an execution, in the Marine Court, against the property of the defendant. This execution was returned unsatisfied. The plaintiff thereupon,

pursuant to an order granted by the court below, caused an execution against the defendant's body to be issued from that court. The defendant was taken into custody under the execution last mentioned, but was upon his own motion discharged by the Marine Court, upon the ground that no power was vested in that court to issue an execution against the body.

A transcript of the judgment was afterwards filed in the office of the county clerk. An execution was then issued here, against the property of the defendant, and was returned unsatisfied. This was followed by an execution against his body, issued out of this court. No order directing such execution to issue was applied for or made. The defendant was taken into custody, and now brought forward this motion. In the first instance, the following opinion was delivered at a special term, by

WOODRUFF, J.—My conclusion is, that according to the proper construction of § 288 of the Code, a defendant may be taken under execution against his person, whenever the cause for which the action was brought, and for which a recovery is had, is such, that it appears by the record that he might have been arrested therefor, according to the provisions of section 179. The character of " the action," as the term action is used in section 288, (which by that section is made the test in determining whether the defendant may or may not be taken upon such execution,) refers to the nature of the action itself. That is to say, if the action be brought for an assault and battery, and judgment for the plaintiff be rendered therein, then the action is one in which the defendant might have been arrested, and so of the other causes of action mentioned in subdivisions 1 and 2 of the 179th section; and in respect to these causes of action, the right to an execution against the person is, in my opinion, unqualified, and results from the mere fact of the recovery of the judgment. If, before judgment, the plaintiff had a right to an order of arrest, he has, after judgment and return of *nulla bona*, a right

to an execution against the person. Whether, in any of the cases under section 179, a previous order is necessary before issuing the execution, it is not necessary for me to decide in this case. But the provisions of section 288 seem very explicit, and no express provision for procuring an order after judgment is to be found there or elsewhere in the Code.

I am also of opinion, that when a transcript of a judgment in such case has been duly filed, the plaintiff is entitled to the same process for enforcing it, as he might issue had the judgment been rendered in this court. (§ 68.) So that it is wholly unnecessary to consider whether the Marine Court had power to issue such an execution or not.

If that court had no such power, then the process issued by that court on which the defendant was taken had no validity, and such taking did not operate as a satisfaction of the judgment, but the defendant's discharge therefrom was a matter of right.

If, on the other hand, the process was rightfully and regularly issued, then the discharge of the defendant there against the will of the plaintiff was erroneous, and did not affect the plaintiff's right to enforce the judgment by further process, either against person or property.

The motion is denied, but, under the circumstances, without costs.

*Welcome R. Beebe* and *Charles Donohue*, for the defendant.

*Gerardus Clark*, for the plaintiff.

By the Court. Ingraham, First J.—It is unnecessary to decide whether the Marine Court had the power to issue an execution against the person in this action. If that court possessed such power, the discharge by the court of the defendant upon the execution, without the plaintiff's consent, did not deprive him of his right to enforce payment of his judgment by all the remedies provided by the law. Whether, therefore, the first execution against the body issued

from the Marine Court was valid or not, the discharge of the defendant from arrest did not prevent the plaintiff from issuing a second execution, when such discharge was without his consent. (4 Cow. 553; 5 Wend. 90.) This was expressly held in *Wesson* v. *Chamberlain*, 3 Comst. 331.

After the transcript of a judgment is filed in the county clerk's office, it is then to be deemed a judgment of this court—shall have the same effect as a lien, and be enforced in the same manner. (Section 68 of the Code.) A judgment of the Common Pleas is enforced by an execution against the property, and where the cause of action is one within the provisions of section 179 of the Code, by an execution against the person. By that section, sub. 2, in an action for moneys received by any person in a fiduciary capacity, if the same is misapplied fraudulently, the defendant is subject to arrest; and by section 288, if he might have been arrested under section 179, an execution against his body may be issued.

The rules applicable to executions as they existed before the Code, are continued in force by section 291. It never was necessary to obtain an order for the arrest of a defendant on execution. Nor is that rule changed by any theory in the Code. The plaintiff issuing the process is responsible, and, if erroneously issued, the defendant is relieved on motion, and has redress by an action.

The order at special term was proper, and should be affirmed.

Order affirmed.