## GINOCHIO *a.* FIGARI.

*New York Common Pleas ; General Term, July,* 1855.

### EXECUTION AGAINST THE PERSON.—JUDGMENT OF THE MARINE COURT.

Where an execution against the person was issued in the Marine Court, and the defendant was discharged by that court,—*Held,* that the plaintiff, after filing a transcript in the county clerk's office, might issue a new execution against the person, out of the Common Pleas.

Whether the Marine Court can issue an execution against the person,—*Query ?*

After a transcript of a judgment of the Marine Court has been filed in the county clerk's office, the rules which govern the issuing of execution upon it, are those which apply in the Common Pleas—not those regulating executions from the Marine and Justices' Courts.

Appeal from a decision at special term, denying a motion to discharge the defendant from custody on an execution against the person.

The plaintiff sued the defendant in the Marine Court on a claim for moneys received in a fiduciary capacity, and recovered judgment. Execution against property having been returned unsatisfied, the plaintiff issued an execution against the person of the defendant out of the Marine Court. The defendant being taken into custody on the execution, applied to the Marine Court to be discharged, on the ground that that

court had no power to issue an execution against the person; and his discharge was granted.

The plaintiff then filed a transcript with the county clerk, and issued an execution against property out of the Common Pleas; and this being returned unsatisfied, he issued an execution against the person, also out of the Common Pleas. The defendant being again taken into custody, applied at the special term of the Common Pleas for his discharge. His motion was denied, and he appealed to the general term.

*Beebe & Donohue,* for appellants.

*G. Clark,* for respondent.

INGRAHAM, F. J.—It is unnecessary to decide whether the Marine Court had the power to issue an execution against the person in this action. If that court possessed such power, the discharge by the court of the defendant upon the execution without the plaintiff's consent, did not deprive him of his right to enforce payment of his judgment by all the remedies provided by the law. Whether, therefore, the first execution against the body, issued from the Marine Court, was valid or not, the discharge of the defendant from arrest did not prevent the plaintiff from issuing a second execution when such discharge was without his consent. (4 *Cow.,* 553; Humphrey *v.* Cumming, 5 *Wend.,* 60). This was expressly held in Wesson *v.* Chamberlain (3 *Comst.,* 331).

After the transcript of a judgment is filed in the county clerk's office, the judgment is then to be deemed a judgment of this court; it is to have the same effect as a lien, and is to be enforced in the same manner. (*Code,* § 68). A judgment of the Common Pleas is enforced by an execution against property, and where the cause of action is one within the provisions of section 179 of the Code, by an execution against the person. By that section (subd. 2), in an action for moneys received by any person in a fiduciary capacity, if the same are misapplied fraudulently, the defendant is subject to arrest, and by section 288, if he might have been arrested under section 179, an execution against his body may be issued.

The rules applicable to executions as they existed before the

Code, are continued in force by section 291. It never was necessary to obtain an order for the arrest of a defendant on execution. Nor is that rule changed by anything in the Code. The plaintiff issuing the process is responsible, and if it is unreasonably issued the defendant is relieved on motion, and has redress by an action.

The order at special term was proper, and should be affirmed.

---

## DAVIS a. HAFFNER.

*New York Common Pleas ; General Term, July, 1855.*

The Act to reduce several laws relating to the city of New York into one act, passed in 1813, (2 *Rev. Stats.*, 342), was not repealed by the General Repealing Act contained in the Revised Statutes.

Section 147 of the first-named Act, relating to bonds of constables in the city of New York, is still in force.

The bond thereby directed should be made to the Mayor, &c , of the city, and can only be prosecuted after judgment against the constable, and after leave is obtained on motion made in the Court of Common Pleas, in open court.

A bond in the form prescribed in the Revised Statutes, (2 *Rev. Stats.*, 346, § 21). relating to towns, and made *to the People*, is, therefore, not to be sustained as a statute security.

*Held*, that a judgment recovered on a constable's bond in *the name of the party* alleged to have been aggrieved by the act of the constable, and in a suit brought without leave of court, and without a previous judgment against the constable, must be reversed.

Appeal from a judgment of the Marine Court.

This was an action brought against the bondsmen of a constable to recover the amount of a judgment for not returning an execution within the time required by law.

Upon the trial it was objected that the bond was void by reason of not having been given according to the statute—and also that leave had not been given to prosecute the bond. The objections were overruled in the court below, and judgment rendered for the plaintiff; from which the defendants appealed.

*H. V. Vultee*, for appellant.

*Bliss & Wells*, for respondent.