# SUPREME COURT.

## ALLISON LEWIS agt. JOHN M. WOODRUFF.

An *attorney's authority* under his simple retainer, should be held as between the plaintiff and defendant, not to allow him to *satisfy* the *judgment*, except upon *actual payment in money of the full amount.*

The attorney for the plaintiff in this case, and the defendant, both acting in good faith, as to the supposed authority of the attorney, under his general retainer, to receive payment and discharge the judgment by a satisfaction piece within two years from the entry of judgment, settled the judgment in this shape: .

The attorney made an agreement with the defendant, under which the defendant delivered to the attorney a quantity of liquors, amounting, as they valued them, to a large portion of the judgment, and paid the balance of the judgment in money, and the attorney executed and acknowledged a satisfaction piece of the judgment, as upon payment in full; upon which the judgment was discharged of record.

The attorney immediately shipped the liquors to the plaintiff, at his residence in another state; but the plaintiff refused to receive them, and repudiated the arrangement as unauthorized; and (as is too frequently the case) the attorney being insolvent, the plaintiff moved to vacate the satisfaction of the judgment, which was granted.

*Erie General Term,* 1858.

APPEAL from an order made at special term vacating the satisfaction of the judgment entered in this action.

On the 30th day of July, 1856, the plaintiff recovered judgment in this court, against the defendant, for the sum of $974.90 damages and costs. The action was prosecuted by E. C. Robbins, an attorney of this court, on behalf of the plaintiff, who acted in prosecuting the same, and in the subsequent settlement and satisfaction of the judgment, under his general retainer as attorney, and without any other or special authority.

On the 13th day of August, 1856, the attorney for plaintiff made an agreement with the defendant, under which the defendant delivered to the attorney, a quantity of liquors valued at $753, and paid the balance of the judgment in money, and

the attorney executed and acknowledged a satisfaction piece of the judgment as upon payment in full; upon filing which, the judgment was discharged of record.

The attorney immediately shipped the liquors to the plaintiff, at Milwaukee, where he resided; but the plaintiff refused to receive them, and repudiated the arrangement as unauthorized, and now moves to vacate the satisfaction, and restore the judgment. The money has not been paid over to plaintiff. It appears that the attorney and defendant in making the arrangement, acted in good faith; the former supposing himself authorized under his general retainer, to settle and discharge the judgment on the terms stated, and the latter having no notice that the attorney was not authorized. The attorney is shown to be insolvent, and the delay in making the motion is satisfactorily excused.

R. L. BURROWS, *for appellant.*
E. C. SPRAGUE, *for respondent.*

By the court—DAVIS, Justice. An attorney, by virtue of his general retainer, was authorized at common law to sue out execution, receive the moneys collected thereon, and enter satisfaction *after payment,* so long as the judgment remained in force; which was a year and a day from its date, and such further time as the process should be continued. (3 *Thomas' Coke on Litt.* 321, *note C.; 2 Inst.* 378 *; Lee* agt. *Ayrton, Peake,* 119; *Russel* agt. *Palmer,* 2 *Wils.* 325; 4 *Burr.* 2061; *and see Livingston Law Register No.* 1, *Vol. IV, pp.* 21 *and* 22, *and notes, where the authorities are fully collected.)*

The period during which this power continued was indefinite and uncertain, depending on the particular circumstances of each case. If no execution were sued out, it expired with the year and a day, because then the judgment was presumed to be satisfied, and a *scire facias* was necessary to revive it; and for this, a fresh authority to the attorney was required. (2 *Lord Raym.* 1048; *Cro. Eliz.* 177.) If execution were sued out within the year and a day, continuances of

Lewis agt. Woodruff.

the process could be entered on the roll indefinitely, and the power of the attorney to satisfy on payment, carried along with such continuances.

It was to remove this uncertainty as to the period within which the attorney might acknowledge satisfaction of the judgment, and not to alter the terms upon which he could exercise that power, (so far, at least, as the defendant in the judgment is concerned,) that the legislature of this state fixed the period at two years from the filing of the record of judgment by § 24 of art. 2, part 3, tit. 4, chap. VI of the Revised Statutes.    (2 *R. S. p.* 262.)

The section cited is by no means perspicuous in its language or easy of construction.    It provides that " such acknowledgment may also be made by the attorney on record of the party in whose favor the same was rendered, within two years after the filing of the record of such judgment, in the same manner and with like effect as if made by such party himself; but such satisfaction shall not be conclusive against the party in whose favor the judgment was rendered, in respect to any person to whom actual notice of the revocation of the authority of such attorney shall have been given before any payment on such judgment shall have been made ; or before any purchase of· property bound by such judgment shall have been effected."

It was argued with much earnestness and ability by the counsel for the appellant, that the phrase " *in the same manner, and with the like effect as if made by such party himself,*" coupled as it is with the exception expressed in the section, must be held to confer unlimited power on the attorney in respect to the satisfaction of the judgment, and to make his act conclusive upon the plaintiff.    It must be confessed there seems to be great force in the position, and so far as relates to the authority of the clerk to act upon the acknowledgment in cancelling the docket, and to subsequent purchasers without notice, of property that would otherwise have been bound by the judgment, the position is impregnable.

·  But the question here arises between the plaintiff and de-

fendant in the judgment; and the point is, as to the terms upon which the attorney may satisfy the judgment; so as to conclude his client from inquiring into and avoiding the act. Upon *actual payment* of the judgment, to the attorney, at any time within two years, and before notice of revocation of his authority, his acknowledgment is conclusive upon the plaintiff on record, although in point of fact, the power of the attorney may have been wholly revoked; but it is clear under this section that payment to the attorney, and his acknowledgment of satisfaction after notice to the party making such payment of revocation of his power, would be wholly ineffective as against the plaintiff in the judgment, and would be vacated by the court. There is no injustice in holding, as between the defendant and the plaintiff in the judgment, that the former shall be put to inquire whether the attorney in satisfying the judgment, *without actual payment*, is acting upon his general retainer, or under a special power; nor if he omits to do so, in holding him to know the character and extent of the attorney's powers under the general retainer, and to take the discharge subject to the ratification or disaffirmance of the plaintiff, if the attorney has exceeded his powers. Upon actual payment in money, of the whole judgment, without notice of revocation, he is fully protected; upon payment of less, or in some manner which the general retainer does not authorize the attorney to consent to, or receive, the defendant must take the consequences of dealing with an agent who is transcending his warrant. Any other rule might lead to the grossest injustice, and the most flagrant abuse of power on the part of attorneys, which it is not necessary to illustrate by examples.

It becomes material then, to inquire whether the general retainer of an attorney confers authority to satisfy the judgment he recovers, upon any other terms than *payment in full in money*, so as to discharge the defendant.

In no case in this state has this precise question been adjudicated. In *Crary* agt. *Turner*, (6 *Johnson*, 51,) the point was not at all involved; and all that was intimated on the subject

is outside of the case before the court, and evidently without examination.

In *Jackson* agt. *Bartlett*, the question was as to the power of an attorney to discharge the defendant from arrest on *ca. sa.*, without payment; and the court say that "he had no authority from his general character as attorney, to discharge the defendant from execution on *ca. sa.*, *until the money was paid.* It was a disputed point as early as the case of *Payne* agt. *Chute*, (1 *Rolle Rep.* 365,) whether an attorney could acknowledge satisfaction without receiving the money. COKE and DODRIDGE differed upon that point; and there is no case in which that authority has been adjudged to belong to him, and it *is against the nature and limitation of his trust.*"

*Kellogg* agt. *Gilbert*, (10 *John.* 220,) involved the same point, that is the power to discharge on *ca. sa.*, and re-affirms the rule laid down in *Jackson* agt. *Bartlett*. *Gorham* agt. *Gale*, (7 *Cowen*, 744,) merely discusses the general authority of the attorney to direct the mode of enforcing the execution.

In *Simonton* agt. *Barrell*, (21 *Wend.* 362,) COWEN, J., reiterates the doctrine of *Kellogg* agt. *Gilbert*, and declares it well settled that the attorney for "the plaintiff has no power to allow a discharge (*from ca. sa.*,) in virtue of his general authority, without the payment of the money."

In *Benedict* agt. *Smith*, (10 *Paige*, 162,) the execution was levied on property sufficient to satisfy the judgment, and the attorney took security for the amount, and discharged the lien of the execution, agreeing that it should be returned unsatisfied. The chancellor held that the defendant was bound to know that the attorney went beyond the authority he possessed by virtue of his general retainer, and that the plaintiff in the execution might have repudiated his acts and enforced the lien. He was held, however, to have ratified the act of the attorney by receiving and appropriating the securities.

The chancellor intimates that it is a question of some importance, whether an attorney employed to collect a doubtful debt, may not, after judgment, receive a part of the debt, and discharge the lien of the judgment, upon receiving

security for the payment of the residue of the debt; but he gives no opinion upon the point, *doubtless because it was not in the case before him.*

The drift of these and all the other authorities touching the subject in this state, must be conceded to be against the power of the attorney to satisfy a judgment without payment in money; and such, it is safe to assert, is the general impression.

In other states, the point seems to have been more definitely passed upon.

In *Lewis* agt. *Gamage*, (1 *Pickering*, 347,) it was decided that the attorney cannot discharge a debtor from execution on payment of less than the amount of the judgment. In *Smock* agt. *Dade*, (5 *Randolph*, 639,) it was held that the attorney cannot receive a bond of a third party in discharge of the judgment.

In *Hustin* agt. *Mitchell*, (14 *S. & R.*) the supreme court of Pennsylvania say that an attorney cannot compromise the judgment by taking land instead of money. The point, it is true, was not directly involved in the case, because the person making the compromise was not the attorney of record; but the court treat the question as though he occupied that relation. And in *The Commissioners of Accounts* agt. *Rose*, (1 *Desaus.* 469,) it is held, that to authorize an attorney to discharge a money bond in his hands for collection, he must actually receive the money, and that " an ideal payment, or the receipt of anything in lieu of it, will not bind his client."

No authority is cited by counsel, nor has any fallen under the observation of the court, in which a contrary opinion has been expressed; and from those referred to, it would seem to be the prevailing doctrine of the courts, that the payment authorizing the attorney under his general retainer to satisfy the judgment, must be of money.

If the attorney has power to take property in lieu of money, it follows that his valuation of the property in cases free from collusion, is conclusive upon the plaintiff; and that the plaintiff must take the property from him, simply because the authorized act of his agent is his act. A client, therefore,

who seeks to collect a demand on which he expects money only, may suddenly find himself the owner of property least desirable to him. A radical opponent of slavery with a southern debt, may, through the instrumentality of his attorney, find himself a slaveholder against his conscientious notions of right; or an ultra temperance man become the owner of an invoice of liquors, which his conscience will neither allow him to drink or to sell. Nor could the plaintiff protect himself against such consequences, except by special notice to the defendant; because if the general retainer of the attorney clothes him with power to take the property, special instructions to him would not limit the authority, except as against those to whom notice of the instructions was brought home. The attorney might be liable for a breach of his instructions, but the defendant would be discharged.

It is a safer rule for all parties, that the attorney's authority under his simple retainer, should be held as between the plaintiff and defendant not to allow him to satisfy the judgment, except *upon actual payment in money of the full amount.*

The satisfaction in this case, was, therefore, without authority, and the vacatur was properly ordered.

The order of the special term is therefore affirmed, neither party to have costs on this appeal.