## SIMEON W. BROWN *vs.* ELLIS KENDALL.

If a debtor who is arrested on execution and taken before a magistrate enters into a void recognizance, and does not obtain his release according to law, the judgment is not thereby discharged; and the assent of the creditor to the proceeding is not to be inferred from the fact that the magistrate is his attorney.

CONTRACT on a judgment recovered by the plaintiff against the defendant.

It was agreed that an execution issued upon the judgment, upon which the defendant was arrested on the 21st of June 1860 and taken before Josiah Rutter, a commissioner of insolvency, and released from custody upon entering into a recognizance with surety for his appearance within ninety days, according to *St.* 1857, *c.* 141; that he never delivered himself up for examination; and that Rutter was the attorney of the plaintiff in the prosecution of the suit and the collection of the execution.

Upon these facts judgment was rendered in the superior court for the defendant; and the plaintiff appealed to this court.

*J. Rutter,* for the plaintiff, cited *Clapp* v. *Hayward,* 15 Mass. 276; *Little* v. *Hasey,* 12 Mass. 319; *Clap* v. *Cofran,* 7 Mass. 98; *Hidden* v. *Saunders,* 2 R. I. 391; *Jackson* v. *Bartlett,* 8 Johns. 361; *Kellogg* v. *Gilbert,* 10 Johns. 220.

*S. H. Folsom,* for the defendant, cited *Coburn* v. *Palmer,* 10 Cush. 273; *Cable* v. *Cooper,* 15 Johns. 152; *Cantillon* v. *Graves,* 8 Johns. 472.

CHAPMAN, J. The defendant was arrested on an execution which had issued upon the judgment declared on in this case,

and was taken before a magistrate, before whom he entered into a recognizance in conformity with the provisions of *St.* 1857, *c.* 141. But the recognizance was taken on the 21st of June 1861, which was after the General Statutes were in force. The recognizance limited the time of the defendant's appearance to ninety days. But the time had been changed by Gen. Sts. *c.* 124, § 10, to thirty days; and the recognizance, not being conformable to the existing law, was void. The defendant did not comply with the condition of his recognizance, and now insists that the judgment itself is discharged.

If a recognizance had been taken according to law, the plaintiff's only remedy would have been by an action upon it. *Coburn* v. *Palmer,* 10 Cush. 273. So if the plaintiff had consented to the proceeding, the judgment would have been discharged. But he cannot be regarded as consenting to it. It is true that the magistrate by whom the recognizance was taken had been his attorney in the prosecution of the suit, and was still his attorney for enforcing the execution; but in taking the recognizance he acted as a magistrate, professing to have the authority of law, independent of the consent of the plaintiff. Whether it would have been beyond his power, as the attorney of the plaintiff, to consent to the discharge of the defendant upon his giving a void recognizance, need not be decided. The case of *Kellogg* v. *Gilbert,* 10 Johns. 220, seems to show that he had not such power. But it is sufficient in the present case that the form of the recognizance was settled by him as a magistrate, and not as the attorney of the plaintiff. As between the plaintiff and the defendant, there was an escape of the defendant, and the judgment is not discharged in consequence of the arrest.