George W. Beers, Appellant, *v.* John T. Hendrickson et al., Respondents.

It is irregular to include in the judgment rendered upon an appeal the amount of the judgment of the court below, thus making it a judgment for the amount of that judgment and the costs of the appeal. Where, however, judgment is entered in that form, payment of the amount thereof would operate not only as a satisfaction of such judgment, but of the judgment below included therein.

The execution of an acknowledgment of satisfaction of a judgment, and acknowledging such execution as required by statute, is an act of equal deliberation and solemnity as the execution of an instrument under seal. It is equally effective as an evidence of payment of the judgment, as an instrument executed under seal, and will discharge the judgment, although the consideration therefore is less than the amount due on the judgment.

An attorney is not authorized by his retainer to satisfy a judgment without payment, and if he does so, the court will set such satisfaction aside, and although an attorney should hold the judgment by assignment, as security for debts due from his client, his satisfaction without payment is good only for the amount of his interest.

(Argued May 29th; decided June 6th, 1871.)

Appeal from the judgment of the General Term of the Superior Court of the city of New York, affirming the judgment of the circuit in favor of defendant.

In June, 1858, the defendant recovered a judgment by default, in the Superior Court of the city of New York, against the plaintiff, for $1,754.78. One O'Brien was the

attorney of record for Hendrickson. In July of the same year, this judgment was assigned to Callaghan & Miller, who had been duly substituted as attorneys for Hendrickson. The assignment was absolute in form, and transferred the whole judgment, but, in fact, was a security for $1,000 due Callaghan & Miller for services, and $100 lent him by Callaghan. On the 13th of July, the default was opened on Beers' application, the judgment to stand as security, and the suit was referred. The referee decided against the plaintiff Beers, and a second judgment was entered in favor of defendant Hendrickson, against Beers for $2,155.67. From this judgment, Beers appealed to the General Term without giving security; this judgment was affirmed, and a third judgment was entered against Beers for the full amount of the second judgment, with interest and costs of appeal, making $2,259.15. Callaghan & Miller issued execution on the third judgment, which was returned wholly unsatisfied. The firm of Callaghan & Miller was dissolved, and about two years afterward Miller acknowledged a satisfaction piece of the third judgment, which was filed with the clerk of the court. This was in consideration of $200 paid by the plaintiff to Miller, entirely without the knowledge or consent of either Callaghan or Hendrickson. Miller did not have the possession of the assignment, but stated to the plaintiff that he was the owner. In September, 1866, the first and second judgments being still on record, Beers caused satisfaction pieces of them to be presented to Callaghan, and requested him to execute them. This was refused. This action was against Hendrickson and Callaghan for a decree that these two judgments are paid, and that Callaghan be required to satisfy them of record, and for such other relief as the court may deem the plaintiff entitled to. Callaghan always retained possession of the assignment.

*Max Goepp,* for the appellant. As to merger of judgments, cited *Pierce* v. *Thomas* (4 E. D. Smith, 354); *Union Bk.* v. *Mott* (8 Bosw., 591); *Gilchrist* v. *Comfort* (26 How., 394); *Ford* v. *Whitridge* (9 Abb., 416); *Miller* v. *Ins. Co.* (3 E.

D. Smith, 184); *Beardsley S. Co.* v. *Foster* (34 How., 97); *Binsse* v. *Wood* (37 N. Y., 532); *Briggs* v. *Thompson* (20 John., 294); *Halsey* v. *Flint* (15 Abb., 371); *Eno* v. *Crooke* (6 How., 462); *De Agreda* v. *Mantel* (1 Abb.,130); *Anderson* v. *Nichols*, 4 Rob., 630.) That the original claim of Hendrickson merged in the first judgment, and the assignment to C. & M. vested in them the whole of the claim. (*Mallory* v. *Leach*, 14 Abb., 449, note; *S. C.*, 23 How., 507; *Goodrich* v. *Dunbar*, 17 Barb., 644; *Nichol* v. *Mason*, 21 Wend., 341; *Oakley* v. *Aspinwall*, 4 Comst., 519; *Besley* v. *Palmer*, 1 Hill, 482; *Suydam* v. *Barber*, 18 N. Y., 470; *Doughty* v. *Hope*, 3 Denio, 249; *Pearce* v. *Kearney*, 5 Hill, 82; *Claff* v. *Meserole*, 38 Barb., 665.) The assignment of a judgment transfers the debt as well as the security, the debt being merged in the judgment. (*Ellsworth* v. *Caldwell*, 18 Abb., 20; *Pattison* v. *Hull*, 9 Cow., 747; *De Grant* v. *Graham*, 1 N. Y. Leg. Obs., 75; *Thomas* v. *Hubbell*, 35 N. Y., 120; *Carnes* v. *Platt*, 40 N. Y., 181.) That one of two joint assignees represents both, and his acts are binding on both, he cited *Pierson* v. *Hooker* (3 Johns., 68); *Bulkley* v. *Dayton* (14 Johns., 387); *Bruen* v. *Maynard* (17 Johns.,58); *Jacomb* v. *Harwood* (2 Ves. Sr., 265); *Murray* v. *Blatchford* (1 Wend., 383); *Wells* v. *Evans* (20 Wend., 251); *People* v. *Keyser* (28 N. Y., 226); *Bowes* v. *Seger* (8 W. & S., 222); *Ruddack's Case* (6 Co., 25); *Austin* v. *Hall* (13 Johns., 286; *Fitch* v. *Forman* (14 Johns., 172); *Betzhower* v. *Stockton* (4 Cr. C. C. 695). He also cited numerous cases as to the effect of the satisfaction for a less sum in extinguishing the claim.

*J. S. Bosworth*, for the respondents. On the question of the satisfaction of a judgment by a less sum than the full amount, *Harison* v. *Close* (2 John., 448); *Seymour* v. *Minturn* (17 John., 169); *Lynch* v. *Welch* (Seld. Notes, 13); *Ward* v. *Browhead* (14 L. & Eq., 502); *Crafts* v. *Wilkinson* (4 Ad. & Ellis, N. S., 74); *Bleakley* v. *White* (4 Paige, 654); *Lewis* v. *Woodruff* (15 How., 539); *Carrington* v. *Crocker* (37 N. Y., 338, 340); *Moss* v. *Shannon* (1 Hilt., 175). On

the question of Miller's want of authority to act, *Green* v. *Miller* (6 John., 39); *Sinclair* v. *Jackson* (8 Cow., 543); *Downing* v. *Ruger* (21 Wend., 178); *People* v. *Williams* (36 N. Y., 441); *McGregor* v. *Comstock* (28 N. Y., 237). He also cited *Young* v. *Bushnell* (8 Bosw., 14, 20); *Blake* v. *Tucker* (12 Vt., 44); *Lownds* v. *Remsen* (7 Wend., 35); *King* v. *Harris* (34 N. Y., 330); *Wolcott* v. *Holcomb* (31 N. Y., 135); *Ward* v. *Dewey* (16 N. Y., 522); *Swan* v. *Saddlemire* (8 Wend., 676, 681).

GROVER, J. It was irregular to include, in the judgment of affirmance given upon the appeal, the amount of the judgment of the court below, thus making it a judgment for the amount of that judgment and the costs of the appeal. (*Eno* v. *Crooke*, 6 How. Pr., 462; *De Agreda* v. *Mantel*, 1 Abb. Pr., 130; *Halsey* v. *Flint*, 15 id., 367.) But the plaintiff in the action having entered the judgment in that form, there can be no doubt but that payment of the amount thereof would operate not only as a satisfaction of such judgment, but of the judgment below included therein. It follows that, if the acknowledgment of satisfaction executed and acknowledged by Miller and delivered to the plaintiff's attorney, was a valid discharge of the judgment entered upon the affirmance, he was entitled to judgment in this action requiring the defendants to cancel of record the judgment appealed from, and also the judgment that was ordered to stand as security upon setting aside the inquest and directing a reference of the action for trial, in which proceeding the judgment appealed from was recovered. The assignment by Hendrickson, the plaintiff, of the first judgment recovered to Callaghan & Miller included the claim upon which it was recovered, and which merged in the judgment, so that when the court ordered such judgment to stand as a security for any recovery that might be had in the trial ordered by the court, they had the like interest in the judgment recovered upon such trial, that they had in the judgment assigned to them. The question is, whether the acknowledgment of satisfaction

by Miller operated as a discharge in whole or in part of the
judgment entered upon the affirmance of the judgment
recovered upon the trial upon the appeal therefrom. That
judgment was upward of $2,000. Miller, upon payment
to him of $200, acknowledged satisfaction of this judg-
ment in the names of Callaghan & Miller, the attorneys for
the plaintiff therein, and delivered the same to the defendant,
or for his use to the clerk of the court, who canceled the
docket of the judgment. This was not a valid discharge, if
the only right of Miller to do the act was that of attorney in
the case for the plaintiff. An attorney is not authorized by
his retainer to satisfy a judgment without payment, and if he
does so, the court will set such satisfaction aside. (*Lewis* v.
*Woodruff*, 15 How. Pr., 539.) But it is claimed by the
plaintiff that Callaghan & Miller were the owners of the
judgment, and that although, as the attorney of the plaintiff,
he could not satisfy it without payment, yet as owner he
might, and that the discharge should be regarded as executed
by him as owner as well as attorney. If Miller had been the
absolute owner of the judgment, the position of the counsel
would be correct. His undertaking, though as attorney,
would be held binding upon him as owner and the judgment
released. It is insisted by the counsel for the defendant that
Miller having received $200 only as a consideration for the
discharge, it could only operate to extinguish that amount,
conceding him to have been owner of the judgment. The
counsel relies in support of this position upon the well
settled rule that an agreement to receive a part of a
debt already due, in satisfaction of the whole, and pay-
ment of such part is not valid as an accord and satisfac-
tion of the debt, and constitutes no defence to an action
for the recovery of the residue of the debt. This rule never
was applied to a release or other discharge of the debt by an
instrument under seal. This distinction arose from the fact
that at common-law a seal was conclusive evidence of an ade-
quate consideration for a contract. This rule was changed
by section 77 (2 R. S., 407), which provides that the seal

shall only be presumptive evidence of a sufficient consideration, which may be rebutted in the same manner and to the same extent as if such instrument were not sealed. Notwithstanding the abolition by statute of the common-law rule, upon which it was based, the distinction has been preserved ; and it is still held that a release, under seal, from a debt, given upon payment of a part, constitutes a valid defence to an action for the residue. (*Carrington* v. *Crocker*, 37 N. Y., 336.) This must now be held to result from the greater deliberation and solemnity shown by using the seal in the execution. This was the reason why an inquiry into the consideration, where the contract was under seal, was not permitted by the common-law. But the execution of an acknowledgment of satisfaction of a judgment, and acknowledging such execution, as required by statute, is an act of equal deliberation and solemnity as the execution of an instrument under seal. It may be entered upon the roll, and thus constitute moral evidence of the payment of the judgment. (*Lownds* v. *Remsen*, 7 Wend., 35.) It should, therefore, be held equally effectual as an instrument under seal. Had Miller been the owner of the judgment, his acknowledgment would have been a valid discharge of the entire amount, although less than one-tenth was in fact paid. But neither Miller nor Miller & Callaghan were such owners. The first judgment was assigned to Miller & Callaghan by Hendrickson, as security for what he owed them for attorney and counsel fees, amounting to $1,000, and for money borrowed of Callaghan, amounting to $100, leaving an interest in Hendrickson of more than $1,200 in the judgment, had it been paid or collected. We have seen that the paper executed by Miller, in the names of the attorneys of Hendrickson, did not constitute a legal discharge of the judgment, unless he was the owner thereof. He was not such owner, in equity. He and Callaghan had dissolved partnership some time before his attempt to satisfy the judgment. The finding shows that this attempt of Miller was made in fraud of the rights of Hendrickson and Callaghan. This finding is not unsupported by the evidence. The plaintiff

did not pay the $200 on the faith of the assignment, for the case shows that the assignment was delivered to Callaghan, who always retained the possession, Miller never having had the possession or it. True, Miller said he was the owner, but his declaration could not estop either Hendrickson or Callaghan. Had the plaintiff insisted upon the production of the evidence of his title, he would have learned the true state of the case. The equity of Hendrickson is superior to that of the plaintiff, and I think that of Callaghan is also. But the plaintiff was entitled to have the judgment satisfied to the extent of Miller's interest therein. That interest was $500, and the plaintiff was entitled to a credit for that amount, instead of the $200 paid to Miller. The counsel for the appellant insists that, as it appears there were three judgments entered against him for the same cause, he is entitled to a judgment for the satisfaction of two of them. He raised no such question in the court below, and there is no exception to any ruling thereon by the court. This court cannot, therefore, consider it.

The judgment must be modified by declaring that the plaintiff is entitled to have the three judgments satisfied, on paying what shall be due after deducting $500, which was Miller's interest, and, as so modified, affirmed, without costs in this court to either party.

All agreeing.    Judgment accordingly.