Joseph F. Daly, J.
The plaintiffs recovered a judgment against the defendants Louis and George Barnstorf in the third district court of this city for one hundred and seventy-four dollars, on June 9, 1869. *443 Mr. James H. Whittlegge was the attorney of the plaintiffs, who conducted the action, tried it and procured the judgment. He executed and delivered to the attorney of George Barnstorf, one of the defendants, a written stipulation dated June 9, 1869, the same day the judgment was rendered, in the following words:
“Third District Court, Hew York. Matthias Cars-tens and John E. Bliss, against Louis Barnstorf and George Barnstorf. It is hereby stipulated that in case judgment shall be rendered against the defendants herein, as partners, that the plaintiffs shall execute and deliver to the attorneys for the defendant, George Barnstorf, a satisfaction of said judgment as against him individually and as partner with his co-defendant, and that he shall be held liable in any way upon said judgment. Hew York, June 9, 1869. James H. Whittlegge, plaintiff’s attorney.”
This stipulation appears to have been acted upon for over two years, as no execution was issued upon said judgment, and no proceedings upon it were taken against George Barnstorf until August 24, 1871, when an execution was issued against him by Whittlegge, the attorney, who had in the meantime purchased the judgment from his clients, the plaintiffs.
The parties on the present motion cannot agree as to whether the stipulation dated June 9, 1869, was executed by the plaintiff’s attorney before or after the judgment was rendered. The defendants insist that it was signed before the trial, and that the consideration for it was the withdrawal of the defense of George Bamstorf, and that it was executed by Whittlegge under his general power to enter into such arrangements in the conduct of the case, as in his judgment and discretion were proper. Whittlegge, however, insists that it was not signed by him until after judgment was rendered, when his power to execute it was at an end, and that he had no special authority after *444 judgment to release one of the defendants without payment. The language of the stipulation, “in case judgment shall be rendered against the defendants herein,” would indicate that it was made before judgment ; and I am inclined to rest on this as the only certain proof in the present dispute, as to the actual time of execution dependent upon the memories of the counsel. Still, the view I take of the law of the case, may not make it necessary to decide the fact. Conceding that the stipulation was made by the paintiffs’ attorney after judgment, and was made without special authority from the plaintiffs, it is, as between the defendants and the plaintiffs, void, the attorney having no power to agree to give a satisfaction of the judgment, or to release one defendant from liability, so as to bind the plaintiffs, without payment (Lewis v. Woodruff, 15 How. Pr., 539, and cases cited).
If the defendant would enforce such a stipulation against the plaintiffs, he is bound to inquire into the special authority of the attorney. Without such authority the plaintiffs may repudiate the acts of the attorney. As against the plaintiffs, I should hold the stipulation void if executed after judgment was rendered. But in this case it seems that the attorney who signed the stipulation is now the owner of the judgment, and is proceeding to enforce it in the face of his own stipulation, 6 ‘ that the plaintiffs shall execute and deliver to the attorneys for defendant, George Barnstorf, a satisfaction .of said judgment as against him individually, and as partner with his co-defendant, and that he shall not be held liable in any way upon said judgment.”
This stipulation was a contract entered into by Whittlegge- on behalf of his clients, for which he had no authority, and as against them it would be void if made after judgment; but I am inclined to think that the legal principle that, an agent who makes a contract *445 without having a competent authority to do so, becomes himself personally bound, is applicable to this case, and that the attorney becoming the owner of the judgment, is bound by every stipulation of his in relation thereto, whether made by authority of his client or not. In this case, therefore, I deem it proper to order a stay of all proceedings on the part of the plaintiffs or their attorney of record, Mr. Whitlegge, to collect or enforce said judgment as against George Barnstorf.
Upon this motion I do not think I have power to order a satisfactipn-piece to be executed.
Order may be entered staying proceedings to collect or enforce the judgment against George Barnstorf, setting aside levy and execution.