(18 Misc. Rep. 283.)

TITO et al. v. SEABURY.

(Supreme Court, Special Term, New York County. October, 1896.)

1. ATTORNEY—POWER TO COMPROMISE—JUDGMENT.
 A satisfaction of a judgment for less than its full amount by an attorney is void where he was unauthorized to compromise the judgment.

2. SAME—PAYMENT TO PLAINTIFF'S ATTORNEY—WHERE BINDS PLAINTIFF.
 Payment to the attorney of administrators empowered to prosecute, but not collect or compromise, a claim, is payment on the judgment rendered on such claim, where the complaint alleged that the letters of administration were general, and on the trial the attorney for plaintiff conveyed that impression to the court and opposing counsel, whereby the letters were not produced, and in consequence of which defendant's counsel paid the money.

Michael Tito and another, as administrators, against Charles B. Seabury, to vacate as fraudulent a satisfaction of a judgment made by the attorney for the administrator.

H. Finley and James F. Pearsall, for plaintiffs.

S. A. Van Wyck, for defendant.

PRYOR, J. In an action by Tito and Caponigri, as administrators, they recovered a judgment of $1,053.62 against Seabury, for the negligent killing of Tito's infant child. The letters of administration to Tito and Caponigri were issued pursuant to section 2664 of the Code, and empowered them only to prosecute the claim, but not to collect or compromise it. Nevertheless, upon receipt of $500 by their attorney, he assumed to enter satisfaction of the judgment; and this suit is to vacate that satisfaction. Caponigri, refusing to be a plaintiff, is made a defendant.

It is apparent upon the uncontroverted proof that the attorney satisfied the judgment without other authority than his general retainer, and that the release he gave was a forgery. That, independently of the restriction in the letters of administration, the attorney had no power to compromise the claim, or to satisfy the judgment upon payment of less than the full amount, is concluded by authority. Lowman v. Railroad Co., 85 Hun, 188, 193, 32 N. Y. Supp. 579; Lewis v. Woodruff, 15 How. 539, 542; Beers v. Hendrickson, 45 N. Y. 665; Barrett v. Railroad Co., Id. 628, 635; Cox v. Railroad Co., 63 N. Y. 419; Mandeville v. Reynolds, 68 N. Y. 528; Clark v. Randall, 76 Am. Dec. 260–261, cases collected. It results, therefore, that the plaintiff's rights are not affected by the satisfaction, and that it must be vacated. An attorney, however, may receive part payment upon a judgment; and such payment to him is payment to the client. Livingston v. Radcliff, 6 Barb. 201; Clark v. Randall, 76 Am. Dec. 259; 1 Am. & Eng. Enc. Law, 955.

It is objected that as, by the letters of administration, the plaintiffs were forbidden to collect the judgment, their attorney was without authority to receive the $500. But the allegation in the complaint was of letters generally, and without qualification. On the trial the attorney for the plaintiff conveyed to the court and opposing counsel the impression that such were the letters. Upon that assurance, counsel for the defendant forbore to call for the produc-

tion of the letters, and, with the conviction so induced, he paid the money. Parties to a litigation are bound by the statements and action of counsel in the conduct of a trial; and to gainsay them afterwards were a manifest fraud and injustice. Under the circumstances, the defendant is not chargeable with notice of the limitation in the letters. Lowman v. Railroad Co., 85 Hun, 188, 194, 32 N. Y. Supp. 579. He was misled as to the nature of the letters by plaintiff's pleading and attorney, and the money was paid in good faith, in reliance upon the apparent authority of the attorney to receive it. Upon every principle of justice, plaintiff is estopped to deny that authority; and in equity, therefore, the judgment must be credited with the $500. Judgment for plaintiff accordingly, but without costs.

Judgment for plaintiff, without costs.