Fullerton, J.
 

 Although, as a general rule, a demand due to several persons jointly, cannot be divided so as to allow the individual interests to be recovered in separate
 
 *337
 
 actions, yet it may be done with the debtor’s consent. The reason is, that the contract of the debtor is to pay the debt as an entirety to his joint creditors, and is therefore indivisible. • The debtor, however, may, by a new contract, bind himself to account to the individual creditors for their respective interests in the demand, and such contracts are susceptible of being enforced.
 

 The object of this rule is to protect the debtor from a multiplicity of actions, and the consequent increased expense ; but if he chooses to waive the protection which the law has provided him, no legal objection can be urged against it. The first question in this case, then, is whether Crocker consented to sever the joint interest of his creditors, and agreed to pay each of them a moiety of the demand. The award was made December 3, 1852, in favor of the plaintiff and Myron Pardee, who at the time were copartners in trade. On the 27th of August, 1858, the defendant paid Pardee $200 on account of the award, and took the following receipt, indorsed on the award :
 

 “ Received, Oswego, August 27, 1858, two hundred dollars, in full for my one-half interest in the above award.”
 

 The terms of this receipt leave no doubt as to the intention of the parties to split the demand: but they did not effectuate it so as. to make it binding on the owners of the claim. The payment, and the receipt given for it, did not operate as a satisfaction of one-half the claim, for the reason that there was no consideration moving between the parties which could affect the claim beyond the amount paid. It is a well-settled rule of law, though it is seldom applied, that the payment of a smaller sum cannot operate as a satisfaction of a larger (Cumber v. Wane, 1
 
 Snith Lead.
 
 Ca., 301, 6th Eng. ed. ; S. C., 1 Str.,'426, and cases there cited).
 

 At the time this sum of $200 was paid, the whole award and the interest thereon, was due, and one-half the principal sum was far more than that amount.
 

 There having been no new consideration for the promise to satisfy any part of this demand, beyond the amount
 
 *338
 
 paid, and there "being no release under seal, it follows that the whole award, with interest, less the §200 paid, was a valid demand against the defendant, in favor of both Carrington and Pardee.
 

 The receipt, therefore, did not split the demand, and the action was properly brought in their joint names, and could have been maintained, had it not been for the release of April 8, 1859. That instrument, under seal, and expressing a new consideration, consummated the agreement between Pardee and Crocker, which before that had remained inchoate, and, as between the parties to it, effectually extinguished one-half the whole demand, leaving Carrington to prosecute his action for his half.
 

 That this was the intention of the parties to the receipt and release, there can be no doubt. When Crocker agreed to pay Pardee $200 as and for his one-half of the award, he doubtless meant that the other half should become the property of the plaintiff.
 

 >The defendant himself took the same view of the transaction ; for in his original answer to the complaint, in which Carrington and Pardee were both plaintiffs, he claims as a defense, that “ Pard e was improperly joined with Carrington as a party plaintiff,” because he had “ released
 
 his
 
 interest in the award.” The defendant appears to have deliberately agreed that the interests of his creditors should- be separate, and he cannot complain if he is held to his contract.
 

 Even if this were not so, the defendant could not avail himself of the objection that there was a defect of parties plaintiff in the amended complaint, after the name of Pardee had been stricken out.
 

 This
 
 defect,
 
 if
 
 any, appeared on the
 
 face of the complaint,
 
 and the only remedy in such a case is by demurrer, and the objection cannot be taken by
 
 answer (vide
 
 Depuy
 
 v.
 
 Strong, post, 340).
 

 Neither can it be maintained that the release of Pardee of his one-half of said award, operated as a release of the whole.
 

 
 *339
 
 It was not so intended "by the parties, neither is that its legal effect.
 

 The authorities cited to show that a release "by one of several joint creditors of a debt or demand will bar an action by others, have no application in this case.
 

 I cannot agree with the learned judge who delivered the opinion in the court below, that the payment of the $200 did not take the case out of the statute of limitations. The reason given in support of that view of the matter is, that this action is for one-half of the demand, and upon that specific half nothing had been paid.
 

 That proposition is true; but it does not by any means follow that the payment was not made on the demand as a whole. If the demand had been severed by a valid agreement before the payment was made, then the payment would necessarily have applied solely to the extinguishment of Pardee’s interest.
 

 But that was not the case.
 

 I have already shown that the payment of the $200, when the receipt was given, extinguished the demand only
 
 pro
 
 tanto, and not one-half of it, and that Carrington was entirely unaffected by that payment and receipt, except so far as the amount paid went to satisfy the joint demand as a
 
 whole.
 

 He had given no consent that Pardee’s interest should be severed, and without such consent Pardee could not appropriate to his exclusive use the payment made, because Carrington could have compelled Pardee to account to him for one-half of the $200.
 

 Adopting this mode of reasoning, which seems to be sound, the payment made was on account of the whole demand, and not on a moiety of it, and consequently the statute of limitations has not run against it.
 

 The fact that Carrington assented to what had been done, by amending his complaint on the trial, and claiming to recover his half of the award, does not affect the application of this rule to the case.
 

 The assent then given does not relate back, so as to change the character or effect of the payment.
 

 
 *340
 
 It was still a payment on the demand, before the interests of the parties were severed, and affected the whole claim.
 

 The judgment should be affirmed, with costs.
 

 All the judges concurred.
 

 Judgment affirmed.