## ELDREDGE VS. PUTNAM.

PARTIES: ACCOUNTING. *When all beneficiaries must be parties to an accounting as to a trust fund.*

1. While, in a case where each beneficiary is entitled to an aliquot part of an ascertained and definite trust fund, each may sue for his part without making the other beneficiaries parties (*Hubbard v. Burrell*, 41 Wis., 365), it is otherwise where the *amount of the trust fund* itself must be determined by an *accounting in the action.*

2. The complaint alleges that A. and B. were to receive, for their services in selecting certain lands for Y. and defendant, one-eighth of the proceeds of the sales of such lands, less one-eighth of the taxes and interest paid on the same while held by Y. and defendant; that a specified number of acres of said lands were selected by A., another by B., and a third by the two jointly; that, by agreement between A. and B., each was to receive one-sixteenth of such net proceeds of the sales of the lands selected by them jointly, and the entire one-eighth of those selected by himself alone; that all of said lands were sold by Y. (in whom the legal title was vested for that purpose), for the benefit of himself and defendant; that Y. died in January, 1877, leaving defendant the sole surviving promisor and trustee, under a written acknowledgment of the trust; that, during 1877, defendant fully accounted to and paid and satisfied B. for all moneys due the latter by reason of the agreements above stated; that in 1873 Y. rendered to the plaintiff, who was the assignee of A.'s interest, a false and imperfect account of the sales made by him, from which it appeared that plaintiff's separate share of the fund was about $1,300, of which only a small amount has been paid; that plaintiff did not learn until after Y.'s death that such accounting was false and fraudulent, and has not since assented to it; and that plaintiff cannot state what amounts were paid for taxes on the lands by Y. and defendant, while owners. It does not appear from the complaint that there was ever any accounting and settlement between Y. and defend-

Eldredge vs. Putnam.

ant. Prayer, that such improper and fraudulent accounting between Y. and plaintiff be set aside; that an accounting be had between defendant and plaintiff of all sales and adventures in said lands, and of the proceeds of the same; and that, after deducting such sums as should be deducted, plaintiff recover the amount so found due him for his separate share, etc. *Held*, on demurrer, that B. is a *necessary party* to the action. *Strohn v. Ins. Co.*, 33 Wis., 648, distinguished.

APPEAL from the Circuit Court for *Eau Claire* County.

Action to set aside an accounting, and to have a new account taken, and for a judgment in plaintiff's favor for such sum as might be found due him from defendant. Defendant demurred to the complaint: *first*, for a defect of parties, in that one James Patrick was a necessary party; and, *secondly*, for insufficiency of facts. The court sustained the demurrer, and plaintiff appealed from the order.

The averments of the complaint are somewhat fully set forth in the opinion.

For the appellant, there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

*Levi M. Vilas*, for the respondent.

COLE, J. The learned counsel for the plaintiff insists that it was error on the part of the court below, to sustain the demurrer on the ground that James Patrick was a necessary party plaintiff. At the same time the counsel frankly admits the general rule to be, that, in actions to obtain an accounting and settlement of a trust fund, all persons interested in such accounting and entitled to share in the distribution are necessary parties; but he claims that the facts stated in the complaint bring the case within one of the well recognized exceptions to that rule. An exception is, that where each beneficiary is entitled to an aliquot part, such as a quarter or half of an ascertained and definite trust fund, each may sue for his portion, as was done in *Hubbard v. Burrell*, 41 Wis., 365, without making the other beneficiaries parties. Such, he says, is the

case at bar.   But *Hubbard v. Burrell* is quite distinguishable from this case.   There no accounting of the trust fund was necessary, and no such relief was demanded in the complaint. The decision proceeds on the ground that the trustee held a definite and ascertained sum for the plaintiff, and that James Hubbard had no interest in the subject matter of the suit.   It was therefore said, in the opinion, that there was no reason why the plaintiff could not have a separate action to recover his share held by the trustee.

According to the complaint, the plaintiff's assignor, Erwin Evelith, and James Patrick were to receive, as payment for their services in selecting, examining and locating the lands described for the defendant and William S. Patrick, one-eighth of the proceeds of the sales of such lands, less one-eighth of all taxes and interest paid on the same while held by the defendant and William S. Patrick.   It is stated that, by an agreement between Evelith and James Patrick, for the lands which were examined and selected by them jointly, each was to receive an undivided one-sixteenth of such sales; while for those which each separately examined and selected, the party so selecting was to receive the entire one-eighth.   The number of acres selected by each separately, and by Evelith and Patrick together, is stated.   It further appears that all the lands were sold by William S. Patrick, in whom the legal title was vested for that purpose, for the joint benefit and profit of himself and the defendant; and the price received per acre on such sales is alleged.   It does not appear, however, that there was ever any accounting and settlement of these various transactions between the defendant and William S. Patrick; though it is stated that the latter died in Pennsylvania in January, 1877, leaving the defendant the sole surviving promisor and trustee, under the written acknowledgment of trust set forth in the complaint.   The plaintiff then alleges, upon information and belief, that, during the year 1877 and before the commencement of this suit, the defendant herein fully accounted

to and with, and fully paid and satisfied, the said James Pat-
rick for all money, claims and demands due, owing and be-
longing separately and individually to him, the said James,
by reason of the matters and things before set forth. It is
further averred that, in the autumn of 1873, William S. Pat-
rick rendered to the plaintiff a false, imperfect and partial
account of the sales made by him, from which it appeared that
the separate share of the plaintiff, computed according to the
price per acre given, was about the sum of $1,300, only about
$85 of which has ever been paid. It is then stated that the
plaintiff did not learn, until after the death of William S. Pat-
rick, that this accounting was false and fraudulent; and it is
averred that he has not since assented to nor acquiesced in
such accounting. It is alleged that at divers times while the
defendant and W. S. Patrick were owners of the lands, certain
taxes were paid by them, but at what times or to what
amounts the plaintiff is unable to state, except that the sum
of $14.62 was paid by them for the taxes of 1872.

The relief asked is, that the partial, imperfect and fraudu-
lent accounting be set aside and held of no effect; that an ac-
counting may be had between the plaintiff and defendant of
all the sales and adventures in said lands, and of and concern-
ing the profits, proceeds and receipts of the same and the whole
thereof; and that, after deducting such sums as should of
right be deducted in the premises, the plaintiff may have a
judgment against the defendant for such sum as shall, on such
accounting, be found due him for his individual and separate
share of the purchase money received by William S. Patrick
and the defendant, or either of them.

We have thus given at some length the more material parts
of the complaint, in order to show the purpose and scope of
the action. It will be seen that the object of the suit is to set
aside the alleged fraudulent settlement or accounting made
with the plaintiff by W. S. Patrick in 1873, and for a general
accounting of the sales and profits from all the lands, as well

those selected by Evelith and James Patrick together as those ·lected by each separately. All these various matters have · be examined, and the amounts of taxes paid by the owners, ,,ith the interest thereon, have to be ascertained and adjusted. How it can be successfully maintained that James Patrick is not interested in these matters, and is not a necessary party to the account to be taken, it is difficult to understand. The defendant may well insist that if all these transactions are to be inquired into and overhauled, James Patrick should be before the court, so that the accounting should be final. At all events, it would seem clear that the facts do not show that the plaintiff is entitled to a certain share of a fixed and definite trust fund, so as to bring the case within the rule of *Hubbard v. Burrell* and that class of cases. On the contrary, the presence of James Patrick would seem to be absolutely necessary to taking the account and granting the relief sought. No question is made as to the necessity of making the legal representative of W. S. Patrick a party, though there would seem very cogent reasons for doing so. W. S. Patrick was the party who made the alleged fraudulent settlement with the plaintiff, and it does not appear that the defendant was privy to or connected with that fraud, except that it may be presumed he was benefited by it, as he and William jointly shared in the profits of the speculation. However, we express no definite opinion upon the question whether the legal representative of W. S. Patrick should be before the court, since no point was made upon it in the argument. But as to the necessity of making James Patrick a party, in view of the relief sought, we are clear that he should be brought in.

But it was further said that the complaint shows that James Patrick's interest in the fund has wholly ceased, and therefore that he need not be made a party. We have referred to the allegation that the defendant had fully accounted with and fully paid James Patrick for all moneys, claims or demands due and owing to him separately and individually. A ques-

tion was made whether this averment was intended to embrace matters in which James Patrick was jointly interested with the plaintiff, or whether it did not exclusively refer to such lands as he alone selected and examined, and for which he was to receive the entire one-eighth of the proceeds. But, giving to the allegation its widest scope, we still think it does not dispense with the necessity of making James a party to the general accounting. We have already sufficiently stated our reasons for that view, and need not repeat them.

The counsel for the plaintiff referred us to a number of cases which decide that when a person answerable in contract to two jointly, settles with one of them so that that one has no longer any real interest in the matter in dispute, it amounts to a severance of the cause of action, and the debtor is liable in an action at law to the other alone. This doctrine was recognized or acted upon in *Strohn v. Hartford Fire Ins. Co.*, 33 Wis., 648; *Carrington v. Crocker*, 37 N. Y., 336; and *Boston & Maine Railroad v. Portland, etc., R. R. Co.*, 119 Mass., 478. But the doctrine of these cases does not apply here, where a full accounting is sought in equity. There the invariable rule is, that all interested in the account are necessary parties, either plaintiffs or defendants.

It follows from these views, that the order of the circuit court must be affirmed.

*By the Court.* — Order affirmed.