BENJAMIN J. LUDINGTON, Respondent, *v.* AMOS C. BELL, Impleaded, etc., Appellant.

The giving of his individual promissory note, by one of the members of a co-partnership, after its dissolution, for a portion, of a co-partnership debt, is a good consideration for an agreement on the part of the creditor to release and discharge the maker from liability for the debt.

*Ludington* v. *Bell* (11 J. & S., 557), reversed.

*Harrison* v. *Close* (2 J. R., 447); *Bliss* v. *Swartz* (65 N. Y., 444); *Line* v. *Nelson* (38 id., 358); *Ryan* v. *Ward* (48 id., 204); *Bunge* v. *Koop* (48 id., 229); *Brooke* v. *Moore* (67 Barb., 394); *Keeler* v. *Salisbury* (33 N. Y., 653), distinguished.

(Argued April 7, 1879; decided April 25, 1879.)

APPEAL by defendant Amos C. Bell from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 11 J. & S., 557.)

This action was brought to recover a balance alleged to be due upon a promissory note made by the firm of A. C. & J. W. Bell, of which firm defendants were the members.

Defendant Amos C. Bell alone answered, setting up a release and discharge.

The facts appear sufficiently in the opinion. At the close of the evidence the court directed a verdict for plaintiff, to which defendant duly excepted.

*E. H. Benn* and *H. T. Cleveland*, for appellant. The giving of his note by the appellant, after the dissolution of the firm, for his share of the firm debt was a sufficient consideration for an agreement to release him from liability for the debt. (2 Kent's Com. [2d ed.], 465; *Waydell* v. *Luer*, 3 Den., 418; 21 Wend., 488; 11 Barb., 171.)

*Nathaniel C. Moak*, for respondent. The agreement to release the appellant being by parol and without consideration was void. (*Harrison* v. *Close*, 2 J. R., 447; *Lane & Nelson*

v. *Nelson & Smalley*, 38 N. J. L. R., 358; *Kellogg* v. *Olmstead*, 25 N. Y., 189; affid., 28 Barb., 96; *Reynolds* v. *Ward*, 5 Wend., 502; *Gibson* v. *Rennie*, 19 id., 338; *Hunt* v. *Bloomer*, 5 Duer, 202; *Turnbull* v. *Brock*, 31 Ohio St. R., 649; *Hays* v. *Davis*, 6 U. C. [Q. B.], 396; *Doty* v. *Wilson*, 5 Lans., 7; *Ryan* v. *Ward*, 48 N. Y., 204; *Bungi* v. *Koop*, id., 229; *Williams* v. *Irving*, 47 How., 440, 442; *Brooks* v. *Moore*, 67 Barb., 394, 395; *Bliss* v. *Swartz*, 65 N. Y., 444; *Carrington* v. *Crocker*, 4 Abb. [N. S.], 335; *Bliss* v. *Swarts*, 65 N. Y., 444; *Keeler* v. *Salisbury*, 33 N. Y., 653; *Fitch* v. *Sutton*, 5 East, 320; *Harrison* v. *Close*, 2 J. R., 448; *Dederick* v. *Sewall*, 9 id., 333; *Mechanics' Bank* v. *Hazzard*, 13 id., 353; *Seymour* v. *Minturn*, 17 id., 169; *Platts* v. *Walrath*, Lalor's Supp., 59; *Tylee* v. *Yates*, 3 Barb., 322; *Gibson* v. *Bennie*, 19 Wend., 390, 391; *Frink* v. *Green*, 5 Barb., 455; *Bronson* v. *Fitzhugh*, 1 Hill, 185; *Bouchand* v. *Dias*, 3 Den., 238, 241; *Hasson* v. *Rease*, 44 Barb., 347; *Line* v. *Nelson*, 38 N. J. L. R., 358; *Cooke* v. *Jeunor*, Hob., 66; *Rees* v. *Berrington*, 2 Ves. Jr., 544; *Bank* v. *Abbottson*, 5 Hill, 461; *Gunther* v. *Lee*, 45 Md., 60; *Ruble* v, *Turner*, 2 Hen. & Munf. [Va.], 38; *Kent* v. *Reynolds*, 8 Hun, 559; *Beach* v. *Endress*, 51 Barb., 570; *Gray* v. *Barton*, 55 N. Y., 68.)

MILLER, J.   The determination of this case depends upon the question whether the money paid and the notes given and paid, under the agreement with the plaintiff, was a valuable consideration for the discharge of the defendant from liability upon the note of the co-partnership.   The evidence shows that after the co-partnership existing between the defendants had been dissolved, it was agreed between the plaintiff and the defendant, Amos C. Bell, that if the latter should pay one-half of the note in suit, that upon such part payment being made by him, it should be in full as against him, and that he should be released and discharged from further liability for the same.   The plaintiff received in part payment a check and four promissory notes payable in one,

two, three and four months after date, which notes were paid when due by the defendant. Until this time had elapsed, the defendant, Amos C. Bell, had no right of action or remedy for contribution against Jared W. Bell. He could not sue until the notes were paid, for the time of payment had been extended to the amount of the notes, and had he paid up the notes given by him and sued his co-defendant for contribution before the notes became due, it is at least questionable whether a defence might not have been interposed that the time had been extended, and that a portion of the demand was not due. In this view, there might, perhaps, have been a sufficient consideration for the contract made, by giving the new notes.

But even if we are wrong in this respect, we think that there was an ample consideration, by the giving of the individual note of A. C. Bell, one of the partners, for the debt of the co-partnership, in consideration of a release from further liability and a discharge of the defendant from the partnership debt.

An individual obligation may be a higher security than that of a co-partnership, and a debt due from partners may not always be as substantial and safe as a debt against one of them ; for such co-partnership debt must be first collected out of the co-partnership assets, and not out of the individual property of the several partners, until these are exhausted; and then only after the individual debts are fully paid. Take the case of an individual who has assets out of which a debt may be collected. It is easy to see that the chance of collection would be far better against one of a firm than against a co partnership which had met with losses and was not in a condition to meet its pecuniary obligations.

In *Wadyell* v. *Luer*, (3 Den., 410,) it was held that the giving of a promissory note for a co-partnership debt by one of several partners after the dissolution of a co-partnership, under an agreement by the creditor to accept it in payment of the debt, extinguishes the liability of the other co-partners. This case is directly in point. LOTT, Senator, argues with great force that an individual note of one partner may be

preferable and a better security than a demand against the firm, and proceeds to say : "It is evident, therefore, that it may frequently occur that a claim against a firm may in fact be worth less than if held against one of its members, not merely on account of the means of enforcing payment, but as to the availability of the fund out of which it is to be made ; and although the learned judge, in delivering his opinion below, says, he ' is unable to see how the name of one is better alone than when joined with another's in point of solvency ; ' yet it is clear from the principles above referred to, that it may be more available as a security.    When therefore a creditor agrees to release a joint indebtedness by the acceptance of a note or any other obligation of one of his debtors in payment, he receives a consideration which may be more valuable to himself than the original claim.  Whether it is in fact so, is wholly immaterial.   The slightest consideration is sufficient to support the most onerous obligation. (*Oakley* v. *Boorman*, 21 Wend., 588.)    Indeed the additional obligation assumed by one of its debtors, by becoming responsible severally for the entire debt, would of itself render it a valid agreement.   It is not necessary that there should be a benefit.   Damage or loss by one party, sustained at the request of the other, is sufficient.   As it is expressed by Chancellor KENT, ' a valuable consideration is one that is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made.'   (2 Kent's Com., 465, 2d ed.)"    See also *Beach* v. *Endress*, 51 Barb., 570; *Kent* v. *Reynolds*, 8 Hun, 559.) The case of *Waydell* v. *Luer*, was approved in the Supreme Court in the case *La Farge* v. *Herter*, (11 Barb., 171;) and ALLEN, J., who wrote the opinion, after citing and commenting upon *Waydell* v. *Luer*, says : "We adopt the conclusions of Senator LOTT as the law of the land, for the reason that we suppose they were adopted and settled by the court of last resort in the State, and also because we think them abundantly fortified by authority and by the reasoning of the learned senator."

This case is directly in point, and unless overruled by other adjudications, should be decisive of the question discussed. An examination of the leading cases relied upon by the respondent's counsel will show, we think, that they are not in conflict with the case now considered. In *Harrison* v. *Close*, (2 J. R., 447), a sum of money was paid upon a promissory note by one of two joint makers, and a verbal agreement made at the time that the owner of the note would not call upon the person paying for payment, but look to the other joint maker for the residue; and it was held that the agreement and acceptance of the money was no satisfaction of the note. It will be seen that the time of payment was not extended for any part of the note, and no new obligation assumed by one partner upon which a consideration could be based. In this respect there is a manifest distinction from the case at bar. In *Bliss* v. *Shwarts*, (65 N. Y., 444), the defendant had compromised with his creditors, a number of whom had signed a composition agreement to take a certain sum in full of their several claims. The plaintiff had agreed to settle on the same terms, with some addition. The notes were surrendered, a draft given for the money to be paid, and the plaintiff's receipt in full delivered. The note given under the arrangement was also paid when due, and the plaintiff did not sign the composition agreement. Upon an action brought to recover the balance of the indebtedness, the defendant was held liable. The decision was put upon the ground that the evidence failed to show that the plaintiff intended to unite with the other creditors in the general scheme of compromise; and that there was no new consideration sufficient to sustain the agreement or to constitute an accord and satisfaction. It was also held that if the agreement had been to accept the draft in lieu of the plaintiff's claim, there would have been a sufficient consideration to sustain the compromise. Here also was a want of consideration; and if, as held, the taking of the draft would have been a sufficient consideration, then certainly the acceptance of money, and the notes given in

lieu of the plaintiff's claim against defendant and his part-
ner, would constitute an ample consideration.    It may be
observed also that here the intention of the parties was
abundantly established by the testimony, while in the case
last cited there was a failure to show such intention.    The
case of *Line* v. *Nelson*, (38 N. J., 358), was very much like
*Harrison* v. *Close, supra,* and appears to have been decided
upon the authority of that decision.    It, therefore has no
application.

The doctrine that payment by the debtor of a less sum
than the whole amount of the debt will not extinguish the
debt, although the creditor expressly agree to receive it in
full and give a receipt or writing to that effect, is well estab-
lished by abundant authority.    But while the correctness of
the rule stated may be conceded, it should be borne in mind
that it rests mainly upon a want of consideration for the pro-
mise made.    The cases cited to sustain this proposition, there-
fore, have no bearing upon a case where a consideration is
shown, as will be seen by a reference to the same ; (*Ryan* v.
*Ward*, 48 N. Y., 204 ; *Bunge* v. *Koop*, id., 229 ; *Brooks* v.
*Moore*, 67 Barb., 394, 395 ; *Keeler* v. *Salisbury*, 33 N.Y., 653.)
The want of consideration for the new agreement is the
leading element which prevents a defense in cases of this
description ; (*Carrington* v. *Crocker*, 37 N. Y., 338.)

Nor is it any answer to say that the debtor paid nothing
which he was not already bound to pay, if there is a valid con-
sideration, for that consideration, however small it may be, will
operate to discharge the obligation.    It is of no importance,
where a consideration exists, that the effect of the transaction
is to release and discharge one joint debtor, without a consent
by the other, and thus discharge both.    Such a contract may
be made, if there is a consideration for it ; and the party who
consents to such discharge can have no real ground of com-
plaint that the bargain which he has made produces such an
effect, as it is to be presumed that he entered into the contract
with full knowledge of the legal consequences of his so doing.

The claim made that there was no consideration for the

alleged agreement to collect the remainder, is fully answered, as already shown, by the fact that the notes given added to the security of the defendant's debt. Something was parted with, and something received, beyond the security which the plaintiff had; and however slight this may have been, it was an advantage and benefit conferred, upon which a sufficient consideration might be founded. In view of the fact that a new consideration existed for the contract, the rule that a release of one or two or more joint debtors must be under seal, has no application.

Nor is it necessary to consider whether the transaction constituted a valid compromise or discharge, under the act of 1838, which provides for compromises by partners and joint debtors. The agreement was valid and legal, independent of that act; and being supported by a sufficient consideration, it should be upheld. It follows that the court erred upon the trial in directing a verdict for the plaintiff; and the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except FOLGER and RAPALLO, JJ., absent at argument, and EARL, J., not voting.

Judgment reversed.