WILLIAM C. ALLISON AND OTHERS, APPELLANTS, *v.* WILLIAM P. ABENDROTH, RESPONDENT.

*Special partnership — when a creditor who has assigned his claim to a special partner without knowledge that the latter has rendered himself liable as a general partner, cannot enforce such liability of the special partner.*

The firm of Griffith & Wundram having failed, the defendant Abendroth, who was then believed to be a special, but who was in fact liable as a general partner, entered into an agreement with the plaintiffs and other creditors of the firm by which they agreed to sell and assign their claims against the firm, to him or to such person as he might direct, and he agreed to purchase the same at the rate of twenty-five cents on the dollar and pay therefor in his notes. Pursuant to this agreement the plaintiffs, upon receiving his notes for the amount provided, assigned all their claims and demands against the firm to him.

*Held,* that as they thereby parted with and assigned all their claims and demands, nothing was left in them upon which an action could be maintained against the defendant Abendroth, even though they did not understand that he was liable as a general partner when executing the assignment.

APPEAL from a judgment recovered on a trial before the court.

*Carlisle Norwood, Jr.,* for the appellants.

*William H. Arnoux,* for the respondent.

DANIELS, J.:

The action was to recover the amount remaining unpaid upon an account stated, upon which a balance of $10,490.01 was alleged to be due. The account had been made with the firm of Griffith & Wundram. That was designed to have been a special partnership, under the statute of the State, in which the defendant Abendroth was to have been the special partner. But because of a failure to pay over the capital to be supplied by him, at the time when the affidavit was made by the general partner stating its payment, he did not become a special partner in the firm, and incurred the liability, under the statute, of a general partner. (*Durant v. Abendroth* (69 N. Y. 148.)

And the action in effect was brought against him, as the other two members of the firm had been discharged as bankrupts, to recover this indebtedness. It was resisted in part upon the effect of the proceedings in bankruptcy, in which it was adjudged that the defendant was a special partner in the firm. And upon the effect of that adjudication, the decision of the court in part proceeded in favor of the defendant. But since then this point has also been presented to the Court of Appeals, and it was held that the proceedings in bankruptcy were entitled to no such consideration or effect in an action brought against the defendant. (*Durant v. Abendroth,* 97 N. Y., 132.)

But at the trial it was proved that, after the account had been made, four notes were given for it by the firm of Griffith & Wundram, aggregating the sum of $12,967.63, which the plaintiffs acknowledged, with interest thereon, made the amount of their claim against the firm of Griffith & Wundram.

Upon the understanding that Abendroth was a special partner in the firm of Griffith & Wundram, a settlement of these notes took place between himself and the plaintiffs. In that settlement they consented to accept from him his notes for twenty-five per cent of the amount of the notes held by them against the firm of Griffith & Wundram. Notes to that amount, payable to his own order, and indorsed by him to the plaintiffs, were given by him, on the 21st of November, 1872, and the plaintiffs received these notes for the notes which they held of Griffith & Wundram, and they were afterwards paid by the defendant as they matured. This settlement

was made pursuant to an agreement executed by the plaintiffs and other creditors of the firm of Griffith & Wundram. This agreement was dated on the 21st of November, 1872. By this agreement it was agreed that :

"I, William P. Abendroth, hereby agree with the undersigned creditors of Griffith & Wundram, to purchase their claims against said firm to the amount set opposite their names, at the rate of twenty-five cents for each and every dollar of said claims, and to pay the same in my notes, payable in equal installments, at three, six and nine months from this date, without interest; and we, the undersigned creditors, do agree with said Abendroth to sell and assign to him, or to such person as he may direct, our said claims, at the rate aforesaid, and to accept payment therefor in his notes, as above mentioned.

"Dated *November* 21, 1872.

"W. C. ALLISON & CO., about $13,000."

. Here follow the names of other creditors. And by its language the plaintiffs not only agreed to accept his notes for those held by them against the firm of Griffith & Wundram, but also to sell and assign to him, or to such person as he directed, their claims. And after that, and in October, 1873, a further and formal assignment was made, entitled in the bankruptcy proceedings, by them to him, by which, in consideration of the sum of one dollar to us paid by William P. Abendroth, of the city of New York, we do hereby sell, assign and transfer to the said William P. Abendroth, all and singular the debt and debts, claim and claims, demand and demands, this day proved by us against Griffith & Wundram, the bankrupts above named, and against the estate in bankruptcy of the said bankrupts, and all promissory notes or other evidences of indebtedness held by us against the said Griffith & Wundram, and all debt or debts, claim or claims, demand or demands, of what kind soever which we have or may have against, or payable out of, the estate in bankruptcy of the said Griffith & Wundram, and authorize the said William P. Abendroth to collect and receive any dividend or dividends upon the said debts, claims or demands, which may be or may become payable out of the said estate in bankruptcy, and valid receipts or acquittances for the same, to sign and deliver, and we hereby constitute the said William P. Abendroth our lawful

attorney, irrevocable to represent and act for us at all meetings of creditors, and in all proceedings in the said bankruptcy, and to assent in writing to the discharge of the said bankrupt.

By these instruments the plaintiffs parted with the indebtedness held by them against the firm of Griffith & Wundram, and transferred all the demand they had to the defendant in this action. When that was done it is true that they did not understand that he was liable to them, either upon the notes or the account for which the notes had been given. But it was intended and designed, acting upon the supposition that he was not liable, to transfer and assign their demands as completely and effectually as that could be done to him, and to receive the notes made by him as a full and complete satisfaction. After that, as they had in this manner parted with their demands, and assigned their interest, nothing was left in them on which an action could be maintained against the defendant. This part of the case is not controlled by that of *Seybolt* v. *New York, Lake Erie, etc., Railroad Company* (95 N. Y., 562), for it is distinguished by the circumstance that the entire title to the indebtedness passed out of the plaintiffs' hands. And after divesting themselves of it in the manner in which they did, nothing remained on which an action could be maintained by them. The transaction was equivalent to a gift of the residue of the indebtedness to the defendant, even if the consideration for its purchase was in any manner incomplete. (*Gray* v. *Barton*, 55 N. Y., 68.)

The case also seems to be controlled by *Luddington* v. *Bell* (77 N. Y., 138), for it was, as the facts now appear, the acceptance by the plaintiffs of the notes of one of the partners in satisfaction of the joint indebtedness of the firm. And the execution and delivery of such notes by the defendant was a sufficient consideration for the relinquishment to him of the residue of the plaintiffs' debt. While, therefore, the court was in error in holding that the defendant was a special partner, and that the fact had been conclusively settled by the proceedings in bankruptcy, it was right in holding that the plaintiffs were not entitled to maintain their action, as it did, on the ground, in part, that they had made this settlement with the defendant and had assigned their cause of action to him. Upon this part of the case the defendant was entitled to judgment, and its effect was in no manner impaired by the

other conclusions maintained by the learned judge presiding at the trial.

The judgment should, therefore, be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.