## CLARK *v.* HOUSE.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY—EXTENSION OF TIME.

Defendant and one B. entered into a partnership. B. borrowed the money which he put in from plaintiff, and he and defendant gave their note to secure it. Afterwards the partnership was dissolved, defendant retiring, and B. assuming to pay the firm debts. In an action against defendant on the note, he claimed that he had been discharged from liability thereon as surety, because plaintiff, when the note became due, accepted B.'s individual note, and thereby extended the payment of the note in suit. Plaintiff and B. testified that the alleged individual note of B. had not been executed or delivered. Witnesses for defendant testified to the contrary. and there were in evidence admissions by plaintiff that such note was given. *Held,* that a finding that defendant was discharged from liability should not be disturbed.

2. SAME—CONSENT OF SURETY.

An inquiry by a person, on signing a note as surety, as to whether the payee will extend it when due, in case he may be requested to do so, does not amount to an agreement that it may be extended that will prevent the discharge of the surety in. case the note is extended without his consent.

3. SAME—CONSIDERATION FOR EXTENSION.

The taking, in extending the time of payment of a note signed by a surety, of the individual note of the principal, constitutes a valuable consideration for the agreement to extend.

4. APPEAL—RECORD.

The objections and exceptions of respondent, though printed in the case on appeal, are not properly a part of it, and cannot be considered.

5. SAME.

The statement in the case on appeal that "the foregoing is all the evidence and other proceedings had upon the trial of this action which are in any way material to the questions to be raised by this appeal" is sufficient to bring up questions of fact for review.

Appeal from judgment on report of referee.

Action by Sylvester C. Clark against John House, impleaded, etc., on a note. Judgment was entered for defendant on the report of a referee, and plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

*Shuart & Southerland,* for appellant. *George E. Warner,* for respondent.

LEWIS, J. The plaintiff commenced his action to recover upon a promissory note made by Bradley and House for $300, bearing date November 14, 1885, due one year from date, with use. When the note was made House and Bradley were copartners in the greenhouse business in the city of Rochester. House had, before making the note, furnished $500 as capital for the copartnership, which sum was used in fitting up the greenhouse property. Bradley agreed to put into the partnership, as capital, the sum of $300, and borrowed that sum of the plaintiff, and for the purpose of securing its payment made the note in suit, and procured the defendant House to sign the same, and delivered it to the plaintiff. The $300 were used in purchasing a boiler and iron pipe for the greenhouse. Before the maturity of the note the defendants dissolved their copartnership. Bradley took the business and assumed to pay the firm's liabilities, and to secure House for the money he had put into the business he gave him a chattel mortgage upon the greenhouse property, including the iron pipe and boiler purchased with the money repre-

sented by the note in suit.    House interposed the defense that he was simply a surety on the note, and that when the note fell due the plaintiff accepted the individual note of Bradley for $300, due in one year, in full payment for the note in suit, and thereby discharged him; and he further claimed that by taking the note of Bradley the plaintiff extended the payment of the note sued one year, and thereby discharged the defendant from his liability thereon. The action was duly referred, and the referee made his report, and found as facts the making of the note, as alleged, and that before the maturity of the note the defendant House sold and transferred his interest in the copartnership to the defendant Bradley, and that at the maturity of the note the plaintiff made an agreement with the defendant Bradley, for a valuable consideration, by which the payment of the note was extended for the period of one year, without the consent of the defendant House, and, as a conclusion of law, that the extension of payment of the note released and discharged the defendant House from any liability on the note, and thereupon dismissed the plaintiff's complaint as against the defendant House, with costs against the plaintiff.    Judgment was entered upon the report against the plaintiff, and he appealed therefrom to this court.

The evidence quite clearly established that Bradley was the principal debtor, and that House was simply a surety.    The appellant concedes that House was only a surety on the note, but contends that the evidence did not warrant the referee's fifth finding of fact, that at the maturity of the note the plaintiff made an agreement with the defendant Bradley, for a valuable consideration, by which the payment of the note was extended for the period of one year, without the consent of the defendant House.    The respondent claims that the appeal fails to bring up questions of fact for review, because the case does not certify that it contains all the evidence given on the trial.    The case contains the following statement: "The foregoing is all the evidence and other proceedings had upon the trial of this action which are in any way material to the questions to be raised by this appeal."    It has been held in a number of cases that a certificate that all the evidence is in that bears upon the questions to be raised is sufficient to raise questions of fact in the appellate court. It is claimed by the respondent that the statement that it contains all the material evidence leaves it with the appellant to say what is or what is not material evidence.    It is difficult, we think, to distinguish between a statement that the case contains all the evidence bearing upon the questions to be reviewed, and one that it contains all the material evidence.    The appellant, in proposing his case, stated that it contained all of the testimony in any way material to the questions he wished to raise.    If he omitted any testimony which the respondent thought should have gone into the case, he was at liberty to ask its insertion: and when the case was settled, if it contained all the testimony in any way material to the questions to be raised, it must be held, we think, that the questions of fact are before the appellate court for review. The evidence shows that the note in suit was for Bradley to pay; that before it fell due the copartnership was dissolved, and Bradley assumed payment of the firm's debts.    Before the bringing of this action he had failed, and was irresponsible pecuniarily.    The principal contention on this appeal is whether at the maturity of the note in suit the plaintiff accepted the individual note of Bradley payable one year from its date for the note signed by House, and thereby extended the payment thereof for the period of one year, without the consent of House.    There was evidence, consisting mainly in the admissions of the plaintiff, sufficient to satisfy the referee of that fact, and he so found. The plaintiff and Bradley both testified that no such agreement was made, and that the individual note claimed to have been made by Bradley was not in fact executed or delivered to him.    We cannot say that the evidence upon this question so preponderates in favor of the plaintiff as to justify this court in setting aside the referee's report and reversing the judgment.    The appel-

lant claims that, if there was an extension of the time of payment of the note in suit, it was pursuant to a request that it might be so extended, made by the defendant House at the time he signed the note, if the firm should not be able at the time it matured to pay the note. The testimony bearing upon this question consisted simply in an inquiry on the part of House of the plaintiff if he would extend it in case he was requested so to do, and cannot be said to amount to an agreement between the parties for such an extension. House being surety on the note, the taking the individual note of Bradley in place of the note of Bradley and House, under the circumstances testified to by defendant's witnesses, must have discharged House. *Waydell* v. *Luer*, 3 Denio, 410; *Luddington* v. *Bell*, 77 N. Y. 138–141; *Hubbard* v. *Gurney*, 64 N. Y. 466; *McNulty* v. *Hurd*, 86 N. Y. 552.

The individual note of Bradley formed a valuable consideration for the agreement, and postponed the payment of the House note. "An individual obligation may be a higher security than that of a partnership. A debt due from partners may not always be as substantial and safe as a debt against one of them, for such copartnership debt must be first collected out of the copartnership assets, and not out of the individual property of the several partners until all these are exhausted, and then only after the individual debts are fully paid." The referee did not find that the arrangement to take the individual note of Bradley acted as an actual payment of the first note, but held it extended the time of its payment, and therefore as effectually discharged the defendant as the payment of the note would. The findings of the referee in answer to the requests of the respondent, and the respondent's exceptions to such findings, are printed in the case, and are referred to by the appellant for the purpose of showing that the referee's rulings upon these requests are inconsistent with his report. These findings do not properly belong in the case, and cannot avail the appellant. The case should not contain the objections and exceptions taken by the respondent. *Beach* v. *Cooke*, 28 N. Y. 508. The written agreement dissolving the copartnership was competent evidence showing that when the agreement extending the time of payment of the note was made the defendants were no longer copartners, and, as Bradley had assumed to pay the firm debts, House was simply a surety upon the note. The chattel mortgages received in evidence against the objections of the plaintiff were possibly corroborative of the agreement of dissolution. They were not very material evidence, but we fail to see that the plaintiff's case suffered any injury by their introduction in evidence. The other questions raised by the appellant in his brief have been examined, but do not appear to us of sufficient importance to warrant discussion. We think the report of the referee sustained by the evidence, and that the judgment appealed from should be affirmed, with costs of the appeal against the appellant. All concur.