### McKAY v. BUFFALO BILL'S WILD WEST CO.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

CONTRACTS—CONSIDERATION.

In an action for the value of a trunk and its contents, it appeared that plaintiff was employed as a member of defendant's theatrical company. The contract of employment provided that on its termination defendant would pay plaintiff's fare to Washington city. At the close of the season, the members of the company were discharged and paid off. They were informed that on the following day an expressman would come for their trunks, which were in a baggage car kept by defendant for that purpose, and they were directed to put tags on their trunks, for identification, and checks would be delivered to them at the depot. Plaintiff neglected to put a tag on his trunk, and was not present when the expressman called for the baggage, and when he came to the depot for his check, his trunk could not be found. He then proposed to go back to the baggage car to look for it, but defendant's agent, who had charge of the transportation of the men, told him not to do so, but to go to Washington with the others, and that defendant would be responsible for the safe delivery of his trunk, to which plaintiff assented. Defendant's employés traveled on a "combination ticket" at a reduced rate, and, unless plaintiff went with the others, defendant would have to pay a higher rate for his transportation. *Held,* that the promise of defendant's agent that defendant would be responsible for the safe delivery of plaintiff's trunk was supported by a sufficient consideration.

Appeal from Eighth district court.

v.39N.Y.s.no.8—66

Action by Barney McKay against Buffalo Bill's Wild West Company to recover the value of a trunk and its contents. A judgment was rendered in favor of plaintiff, and defendant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

S. L. Samuels, for appellant.

J. L. Brown, for respondent.

McADAM, J. The plaintiff entered defendant's employ as sergeant of the colored company of performers in its exhibition called "Black America." The defendant had a baggage car for its employés' baggage, and there the plaintiff kept his chest containing his wardrobe and effects. On November 30, 1895, the season closed at Philadelphia, and the men were discharged, and the following day the employés were paid off. When the expressman came for the trunks, the plaintiff was not present to attend to the delivery of his. The other employés had tags placed upon theirs, and they were taken to the train by the expressman employed by the defendant. Mr. O'Brien represented the defendant at the train in checking the baggage for the men. When the plaintiff came there for his check, his trunk could not be found, and he was told that he should have been at the grounds, like the other men, and attended to the tagging and delivery of his trunk. The trunk was never recovered, and the action is for the value of the trunk and its contents. The justice awarded judgment for $75. No fault is found with the amount. The question presented is whether any liability was established against the defendant. The plaintiff admits that the order was given to the men to put tags on their trunks preparatory to departure from Philadelphia, and that they were notified that the expressman was coming for the trunks the following morning; but he denies receiving any notice to attend at the grounds to assist in the delivery of the baggage. The contractual relations between the parties having terminated on November 30th, the retention of the plaintiff's trunk by his consent and for his benefit until the following day created at most that species of bailment called "deposit," the distinguishing feature of which is that the keeping is gratuitous. Edw. Bailm. § 10. It does not bind the depositary to keep the goods for an unlimited time, for he may tender them to the owner, giving him a reasonable opportunity to remove them, and thus terminate his responsibility. Roulston v. McClelland, 2 E. D. Smith, 60. The bailee in such a case is liable only for a loss or injury to the goods resulting from his gross negligence, or, which is the same thing, from his omission to use slight diligence. The plaintiff knew that the defendant's show was breaking up; that its members were returning to their homes; that the trunks were to go on the cars the next day; that each man was required to put a tag upon his trunk, giving the name of the owner, with its place of destination, that it might reach there in safety; and that the employés were expected to exercise some care in respect to their own baggage; for the defendant had many things connected with the breaking-up of the show to attend to, which would necessarily divert the attention of its officials from the details of removal and

transportation of the individual property of the different persons who were formerly in its employ in subordinate positions. Yet the plaintiff admits that he neglected to attach the required tag to his trunk, or attend to its delivery to the expressman who was to take it to the railroad station at Philadelphia, where it was to be checked for Washington. He could hardly expect a gratuitous bailee to exercise more care over his property than he was willing to bestow upon it himself. The other employés of the defendant complied with its order, which was a reasonable one, put tags on their trunks, and attended to the delivery of them to the expressman; and, if the plaintiff had been equally careful, his trunk would probably have reached its destination as safely as theirs. The plaintiff could not cast upon the defendant duties more onerous than the nature of the bailment and the exigencies of the situation demanded.

If the proofs had rested here, there would have been no difficulty in holding that the plaintiff had failed to prove that the defendant was guilty of gross negligence, or that he himself was free from neglect contributing to the loss. But the plaintiff went further. He proved that when it was discovered that his trunk had not reached the railroad depot at Philadelphia he proposed to go to the baggage car, to look it up, when Mr. Parker, the contracting agent of the defendant, and the person delegated by it to attend to the transportation of the men, told him not to do so, but to go to Washington with the other men, and, if he did, the defendant would be responsible for the safe delivery of his trunk; upon which assurance the plaintiff forebore all effort to find the trunk, and went to Washington as requested, after first giving Mr. Parker the address to which he wanted the trunk forwarded. The responsible nature of Mr. Parker's position gave him authority to make this contract for the defendant. It was within the apparent scope of his duties, founded on a sufficient consideration, and made the company liable to the plaintiff for the production and forwarding of his trunk, or for payment of its value in case of failure to forward the same as agreed. The defendant had previously assumed an obligation respecting the care of the trunk, though of a limited character, and the plaintiff was led to assume that the defendant knew where the trunk was, or that by the exercise of care could discover its whereabouts, and forward it to him. At all events, this was the obligation it assumed. If this promise had not been made, the plaintiff might, perhaps, have remained at Philadelphia, and discovered the whereabouts of his trunk, and recovered it, or obtained some substantial evidence of gross neglect upon the part of the company, through which he might have succeeded in holding it for the loss. He was dissuaded from such effort by the assurance given to him on behalf of the company by its contracting agent, and it will not do for it now to say that the plaintiff surrendered nothing on the faith of the agreement made. The slightest consideration is sufficient to support the most onerous obligation. Oakley v. Boorman, 21 Wend. 588, cited and approved in Luddington v. Bell, 77. N. Y., at page 141; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256. "A valuable consideration is one that is either a benefit to the party promising or

prejudice to the party to whom the promise is made." 2 Kent, Comm. (12th Ed.) 465. And courts "will not ask whether the thing which forms the consideration does in fact benefit the promisee or a third party or is of any substantial value to any one. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him." Anson, Cont. 63. The defendant claims that under the contract made with Parker the defendant assumed the liability only of a forwarder, and that negligence resulting in a loss would have to be proved against it. This might be so if the defendant had recovered the trunk, and it had been lost in transit from Philadelphia to Washington. But that is not this case, for it is not contended that the trunk was ever forwarded to Washington. Therefore there is nothing to which the legal principle invoked can be applied. The contract under which the plaintiff was employed provided that on its termination the defendant would pay his fare to Washington, and it was clearly contemplated that his trunk and wardrobe should return with him; hence the interest the defendant took in seeing that the men were furnished with transportation, and their trunks checked at Philadelphia. The ticket furnished was what is known among traveling troups as a "combination ticket,"· intended for all the employés going to Washington. The defendant was interested in having the plaintiff go with the other employés on this ticket, for otherwise it would have been obliged, under the contract, to pay the plaintiff's fare at an increased rate. The justice reached his conclusion on the entire testimony, and, in view of the unperformed obligation which the defendant assumed to recover and forward the plaintiff's trunk, the judgment is sufficiently sustained, and must be affirmed, with costs.